[Civ. No. 6105.   Third Appellate District.—September 19, 1938.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and RAYMOND SMITH, Respondents.

Carroll S. Bucher and Edmund J. Thomas, Jr., for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

PULLEN, P. J.—Petitioner herein, as insurance carrier under a policy of workmen's compensation insurance issued to William J. Williams and Rollie B. Williams, copartners doing business as Williams & Williams, seeks this writ of review for the purpose of annulling the findings and award of respondent in a proceeding wherein Raymond Smith was applicant and Williams & Williams were employers, and petitioner herein was joined as defendant insurance carrier.

From the evidence it appears that William J. Williams and Rollie B. Williams originally were partners in an oil business. Later they acquired a mine near Folsom known as the Mississippi Bar Mine, and some time thereafter became the owners of a mine near Wheatland known as the Maryland Mine. William J. Williams supervised the operations of the Mississippi Bar Mine near Folsom, and the Maryland Mine was transferred to a family corporation in which the two

brothers were stockholders and officers. Some time later it was decided to move the machinery from the Maryland Mine to the Mississippi Bar Mine and to devote their funds and energies to developing that property. It became necessary to obtain more capital to develop this mine, and William J. Williams, learning that a man named Murphy might be interested in investing in this mine, decided to present the matter to him.

Raymond Smith, the injured man, was employed by William J. Williams to drive Williams' car for him while he was recovering from an accident and when such service was no longer necessary Smith was then to take over the driving of a mine truck. Pay checks received by Smith were signed by William J. Williams. Williams instructed Smith, as chauffeur, to meet Murphy, the man whom he hoped to interest in the development of the mine, to drive Murphy and himself to Reno, it being the intention of Williams during this trip to discuss the business affairs of the Mississippi Bar Mine with Murphy and to interest him if possible in putting some funds into its development. The trip was made to Reno, but there Williams left the party, and with Smith as chauffeur, started on the return trip to Sacramento. On their way to Sacramento the car being driven by Smith collided with another car, resulting in injuries to Smith.

The commission found that Smith, while employed as a chauffeur by Williams & Williams, the partnership, received an injury arising out of his employment and further found that the employers were insured by the State Compensation Insurance Fund. The question here for determination is whether or not the commission exceeded its jurisdiction in so finding.

It is the contention of petitioner that the policy of insurance issued to Williams & Williams, a copartnership, was limited in its terms as to location and type of employment, but that in spite of such limitations the commission held the insurance fund liable for the injury, which occurred a considerable distance from the location specified in the policy, and held petitioner liable for an injury to a person employed in a capacity not covered by the policy.

As to both of these points we believe that the petitioner places a more narrow construction upon the terms of the

policy than is warranted by the facts. Attached to the policy issued to Williams & Williams was an endorsement as to the place where such work was to be conducted as follows:

"It is agreed that, anything in this policy to the contrary notwithstanding, this policy DOES NOT EXTEND TO OR COVER any employee or employees other than those employees working directly in connection with THE MISSISSIPPI BAR MINE, WEST BANK OF AMERICAN RIVER, 1 MILE FROM FOLSOM, CALIFORNIA."

Also attached to the policy was an endorsement wherein it was provided that the policy applied to a particular classification of employees and included:

" . . . drivers, chauffeurs and their helpers, watchmen and all employees engaged in any work incidental to or in connection with the construction of buildings, the reconditioning, preparation, development, operation and/or maintenance of the project, including the operation of tramways. . . . "

In regard to the endorsement which dealt with the limitation to a specific location we find that the restriction was to employees working directly "in connection with" Mississippi Bar Mine. Inasmuch as the injuries suffered by applicant were not received on the property itself petitioner claims that the policy has no application. We believe, however, the facts bear out the contention of respondent that the trip to Reno was directly connected with the financial operations of the mine, and the restriction had reference to the particular business or enterprise and not to the particular location.

In support of the interpretation sought by the insurance fund it relies, among other cases, on that of *Ocean Acc. & Guar. Corp.* v. *Industrial Acc. Com.*, 208 Cal. 157 [280 Pac. 690]. There, however, the policy excluded all other business operations "at this or any other location not herein disclosed". There the employee was working at an entirely different mine than that described in the policy.

In *National Auto Ins. Co.* v. *Industrial Acc. Com.*, 220 Cal. 642 [32 Pac. (2d) 356], cited by petitioner, the policy provided: "This policy shall only cover such operations of this employer which are performed upon the following described premises or directly in connection with such operations." In that case the court said:

"The contention that it is not liable for the death of deceased because his injury was sustained at a location other than that specified in the rider is without merit and it is apparent that the location given in the rider attached to the policy was only intended to designate the employer's place of business, and did not limit the liability of the insurer to injuries sustained at that particular location."

A difference is to be noted also in the policy between the instant case and in the cited cases, in that in the case before us, the limitation was to employees working directly in connection with the Mississippi Bar Mine whereas in the cited cases the operations were limited to those "which are performed upon the following described premises". The rider before us is therefore much broader in its scope than that found in the cases cited.

Campbell on Workmen's Compensation, volume 2, page 1204, in discussing endorsements limiting coverage to specific locations, states that such endorsements are not intended literally to restrict coverage to a particular place: "The purpose of the endorsement is to confine the coverage to described business activities which are carried on incidental to that address as headquarters or base of operations. In other words, a trucking policy with this endorsement would still cover work performed over public streets and highways and elsewhere in the state, so long as the activity is incidental to the business operations conducted from the described location. A policy issued to a painting contractor, or trucker, would be worthless if only painting within the shop, or the garage activities alone, were covered."

We believe, therefore, that the policy was not so restricted as to location as to exclude the injured chauffeur.

So, also, as to the contention that that type of work being performed by Smith was not covered by the policy. The inclusion of chauffeur in the classification in the rider attached to the policy included services performed while in the employ of the assured and engaged in duties directly connected with the operations described in the policy. It is the work of a chauffeur to travel from place to place on the business of his employer. In so doing he is occupied in the duties of his employment. Under the language of the classification also the chauffeur was engaged in the development,

operation and maintenance of the project. Clearly the efforts of a partner in obtaining financial backing necessary to develop and maintain the operation of a mine is as much a part of the "development, operation and maintenance of the project" as would be the actual construction of mine properties.

In support of this portion of the argument petitioner cites *Smith* v. *Industrial Acc. Com.*, 18 I. A. C. Dec. 135. In that case the policy for compensation insurance covered E. L. Smith & Sons, a copartnership, engaged in the electrical business at a designated place in Los Angeles. E. L. Smith as sole owner had a dude ranch in another neighborhood and hired one Blake to work on the ranch. Blake was injured while working on the ranch and the commission held the policy did not cover the injury to Blake inasmuch as there was no remote connection between the operation of the dude ranch by Smith personally and the electrical business of the partnership in Los Angeles.

If, however, there was any ambiguity created by the rider on the policy and there was any uncertainty whether or not the work of applicant Smith was included in the classification of employees as a chauffeur as specified in the policy, such ambiguity must be construed most strongly against the insurer. (Sec. 1654, Civ. Code; 27 Cal. Jur. 561.)

Some claim is made that Smith was an employee of William J. Williams and not of the copartnership. As we have before pointed out, Smith was employed to act as chauffeur for Williams and also later to drive a truck at the mine itself. Furthermore, the trip on which he was injured was one for the purpose of obtaining finances for the Mississippi Mine. The general rule is that each partner in the ordinary course of firm business has the power to bind the firm and other partners by the employment of third persons whose services are reasonably necessary for carrying on the business of the firm. (47 Cal. Jur. 848.) The fact that Smith was paid by personal check of Williams does not necessarily fix the individual as the employer. (*Claremont Country Club* v. *Industrial Acc. Com.*, 174 Cal. 395 [163 Pac. 209, L. R. A. 1918F, 177] ; *Department of Nat. Resources* v. *Industrial Acc. Com.*, 216 Cal. 434 [14 Pac. (2d) 746].)

In our opinion the commission did not err in assessing the liability for the injuries complained of on the insurance carrier for the Mississippi Bar Mine.

The award is affirmed.

Thompson, J., concurred.