**Harry W. BAILY**

v.

**The UNITED STATES of America.**

**Civ. A. No. 71–1113.**

United States District Court,
E. D. Pennsylvania.

March 7, 1973.

---

326

P. J. Wiesner, Herbert Odell, Philadelphia, Pa., for plaintiff.

Michael vonMandel, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

In this suit for refund, plaintiff seeks to recover $11,951.84, which was levied upon by the Internal Revenue Service [IRS] for failure to pay federal withholding taxes owed by the Lakewood Summer Playhouse. The Playhouse, al-

legedly a partnership comprised of Charles Hall and the plaintiff, failed to make payment of federal withholding taxes owing for the third quarter of 1965. Pursuant to 26 U.S.C. §§ 3401, 3403 and 3102, the District Director of Internal Revenue assessed the amount of the tax, plus penalties and interest, against Hall and plaintiff on the ground that as partners in the enterprise, they were jointly and severally liable for its tax obligation.

Subsequent to the assessment, plaintiff filed suit in the state courts against Hall, seeking recovery for the amount he allegedly loaned to Hall to establish the Playhouse. Hall defended his suit on the ground that plaintiff had advanced those sums pursuant to a partnership agreement. The jury, squarely presented by the Court's charge, with the issue whether plaintiff extended funds to Hall pursuant to a loan or in furtherance of a partnership agreement, returned a verdict in favor of the defendant. Upon failure to obtain voluntary compliance with the assessment, the IRS levied upon plaintiff's bank account. The Government represents that the IRS proceeded against plaintiff rather than Hall on the grounds that Hall had no assets upon which to levy and that the state court suit conclusively determined that plaintiff was a partner in the enterprise and, therefore, was jointly and severally liable for its taxes. Thereafter, plaintiff filed this cause of action for a refund.

Initially, the Government sought to have Hall joined pursuant to F.R.Civ.P. 14(a) as a third-party defendant. Defendant's motion was vigorously opposed by plaintiff and prior to our disposition of the motion, the applicable statute of limitations ran, thus it was withdrawn. We next considered defendant's motion for summary judgment on the ground that as a partner in the Playhouse, plaintiff was jointly and severally liable for the tax. Defendant maintained that plaintiff was collaterally estopped by the state court judgment to relitigate the partnership issue. In Baily v. United States, 350 F.Supp. 1205 (E.D.Pa.1972), we sustained defendant's argument and granted its motion for summary judgment. The basis of our ruling was that Pennsylvania law is determinative of legal relations established between members of an organization. 26 C.F.R. § 301.7701–1(c). Thus, since the factual issues in the state court case and in this case were identical, the requirements of Comm'r. v. Sunnen, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898 (1948), were satisfied and the plaintiff was estopped from relitigating the partnership issue, notwithstanding the lack of mutuality. See Lynne Carol Fashions, Inc. v. Cranston Print Works Co., Inc., 453 F.2d 1177 (3d Cir. 1972); Provident Tradesmen's Bank and Trust Co. v. Lumbermen's Mutual Cas. Co., 411 F.2d 88 (3rd Cir. 1969); Bruszewski v. U. S., 181 F.2d 419 (3rd Cir.), cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950). Before the Court is plaintiff's motion pursuant to F.R.Civ.P. 59(e) to alter or amend our judgment.

Plaintiff argues in his motion that (1) we should reconsider our decision that he is estopped from relitigating the partnership issue, absent mutuality of parties, in the light of the recent Tax Court decision of Divine v. Comm'r., 59 T.C. 152 (October 25, 1972) and (2) even assuming a partnership existed, we should enter summary judgment in favor of plaintiff, on the ground that the IRS erred in making its assessment against plaintiff individually under Section 3401.

## I.

Plaintiff relies on Divine v. Comm'r., *supra*, for the proposition that mutuality of parties is required before collateral estoppel may be applied in a tax case. In *Divine*, the legal issues and facts were essentially identical to those in Luckman v. C. I. R., 418 F.2d 381 (7th Cir. 1969), thus petitioner argued that the respondent was collaterally estopped by the decision in *Luckman* from relitigating the legal and factual issues in that case. Following an exhaustive

discussion of the doctrine of mutuality and the judicial trend which has undermined its application, the Tax Court, nonetheless, concluded that "it would be wrong to lift the requirement of mutuality in this case * * * ". The Court's language itself suggests that its holding is limited to the facts before it, i. e., where the dispute revolves around the taxability of earnings and profits of shareholders in large public corporations. The Court reasoned that there was a marked difference in the breadth of the legal issues involved in such cases and that the "very tenuous and strictly fortuitous relationship between shareholders in a large public corporation" does not warrant the application of collateral estoppel in such cases. Thus, we must reassert our prior conclusion that mutuality of parties is not required for the application of collateral estoppel in a tax case provided that the party sought to be estopped has had a "full and fair opportunity" to try the factual issue in the first proceeding and that the requirements of Comm'r v. Sunnen, *supra,* are satisfied.

## II.

Plaintiff's second argument, concerning the methods and procedures of assessment for delinquent federal withholding taxes, is somewhat more complex.[1] Initially both parties agree that under 26 U.S.C. § 3401 et seq.,[2] dealing with federal withholding taxes, the employer[3] is responsible for withholding and collecting the taxes. The definition of an employer for the purpose of 26 U.S.C. § 3401 et seq. includes a partnership. 26 U.S.C. § 3401(d); 26 U.S.C. § 7701(a)(1). Thus, plaintiff argues that the IRS had no statutory authority to assess plaintiff for taxes owed under Section 3401, and, thereafter, to utilize the joint and several liability of partners under state law to collapse the partnership and levy solely against plaintiff on the basis of such liability. Plaintiff contends that the method which the IRS should have used to proceed against plaintiff individually would be to: (1) assess the partnership as an entity for taxes owed under 26 U. S.C. § 3401 et seq. and (2) if the partnership has insufficient assets to satisfy the assessment, to assess a partner or the partners individually as "responsible" persons under 26 U.S.C. §§ 6671, 6672.[4] Plaintiff argues that 26 U.S.C. § 3401 et seq. and 26 U.S.C. §§ 6671, 6672 must be read together, for to do otherwise would render the latter statute su-

---

1. For the purpose of this argument, plaintiff concedes that he was a partner in the Playhouse enterprise. Thus, if he prevails in his argument we must vacate our entry of summary judgment for defendant.

2. Specifically, 26 U.S.C. § 3403 provides:
    "Liability for tax.
    The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."

3. An employer is defined in 26 U.S.C. § 3401(d) as "the person for whom an individual performs or performed any service, of whatever nature * * * ". See also 26 C.F.R. § 301.3401(d)–1. The term "person" when used in Title 26 is to be "construed to mean and include an individual, a trust, estate, partnership, association, company or corporation." 26

U.S.C. § 7701(a)(1); 26 C.F.R. § 301.-7701–1.

4. 26 U.S.C. § 6671 provides:
    "Rules for application of assessable penalties
    (a) Penalty assessed as tax.—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.
    (b) Person defined.—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

perfluous and unnecessary. To summarize plaintiff's arguments, in order to assess for tax liability under Section 3403, the IRS may proceed only against the employer as an entity and if the employing entity no longer exists, then the IRS can proceed against a "responsible" person only under 26 U.S.C. §§ 6671, 6672.[5]

■■ Plaintiff's attempt to reconcile what he contends to be overlapping provisions of the Code at first sight appears appealing. The absence of any cases on this issue indicates that a brief excursion into the legislative history of these sections would be instructive. Section 3401 of the 1954 Code is derived from similar provisions in Section 1621 of the 1939 Code, subdivision (d)(1) of the latter section being substantially reenacted without change. Section 6672 of the 1954 Code, deriving from a number of 1939 Code provisions, however, shows no such continuity of scope and effect. Whereas Section 6672 functions

throughout the entire income tax title, the source provisions of the 1939 Code are specific and restricted in their application to narrowly defined areas. See Reagan & Co. v. United States, 290 F. Supp. 470, 479–480 (E.D.N.Y.1968). When Section 6672 was enacted, its sweep was deliberately broadened so that it embraced every one of an infinite variety of taxable situations encompassed by Title 26 in which some individual or entity was placed under a duty to collect and remit a tax to the Government. *Id.* at 480. Thus, as to the interrelation of the two sections, the Court in *Reagan & Co.* concluded:

"Section 6672 may well be read so that it is in part duplicative of section 3401(d) in situations involving employers in the accepted sense and 'employers' who are held to be such only by virtue of the exception in section 3401(d)(1). But the reach of section 6672 is of a far broader scope * * * *". 290 F.Supp. at 480.

---

26 U.S.C. § 6672 provides:

"Failure to collect and pay over tax, or attempt to evade or defeat tax

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

5. Plaintiff argues that it is the Government's position that there are three alternative means to collect delinquent federal withholding taxes which are as follows:

(1) The assessment may be made directly against the partnership under Section 3401 [using the state law principles of joint and several liability of the partners to collapse the partnership.] Under this method, as was used in the instant case, the burden of proof rests on the taxpayer to show that he is not the "employer".

(2) The Government may file a collection suit as any other creditor. Under this procedure, the burden of proof, according to plaintiff, would be on the taxpayer that the taxes are not owing. (3) The assessment of a penalty in the full amount of the tax owed may be made against the "responsible" person under 26 U.S.C. §§ 6671, 6672. Under this procedure, plaintiff claims that the burden of proof would rest with the IRS to show that the person assessed was a "responsible" person.

Plaintiff claims that the only procedures which may be followed are as follows:

(1) The Government may file a collection suit as previously mentioned, or (2) The IRS may assess the "employer" as an entity [i. e., corporation partnership, etc.] for its liability under Section 3401 et seq.

and if

the corporation, partnership, etc. as an entity is no longer in existence, then the IRS must proceed under Sections 6671–6672 to assess the "responsible" person of the entity.

Plaintiff argues that the Government's position is inherently unfair in that it will always choose the alternative which places the burden of proof on the taxpayers.

Thus, the legislative history of these provisions leads to the conclusion that Section 6672 is a catch-all provision, applicable to a multitude of various code provisions, thus explaining its overlap with Section 3401. It is not, as plaintiff suggests, specifically designed to provide the only means by which an individual may be assessed for taxes owed by a defunct corporation, partnership, etc. We have found nothing in the Code to indicate that the IRS is prohibited from making an assessment against an individual under Section 3401, where the entity no longer exists. In fact, the term "person" as used throughout Title 26 and including Section 3401(d)(1) may be construed to mean an individual,[6] and there is nothing to indicate that the term "individual" refers solely to a sole proprietorship.

Yet another reason compels us to conclude that an assessment for tax liability under Section 3401 et seq. may be made against an individual member of a tax paying entity. A "responsible" person under Section 6672 is frequently defined as a person who has "the final word as to what bills should or should not be paid, and when". See Dudley v. United States, 428 F.2d 1196 (9th Cir. 1970). In situations as in the instant case, an individual may be a partner under the appropriate state law, but may not fulfill the requisite test of a responsible partner under Section 6672, thus precluding recovery of taxes due from him where the employing entity is defunct. Thus, to hold as plaintiff suggests would potentially create a significant loophole in the tax structure.

Finally, plaintiff argues that plaintiff was not assessed individually for the unpaid taxes of the Playhouse and that no lien may exist without an assessment. 26 U.S.C. § 6203; United States v. Coson, 169 F.Supp. 671 (S.D. Cal.1958), modified on other grounds, 286 F.2d 453 (9th Cir. 1961). Plaintiff was listed along with Hall as the taxpayer on the Certificate of Assessments and

Payments filed by the IRS, thus the requirement of Section 6203 was fulfilled. Section 6203 requires no more and to the extent plaintiff seeks to apply more technical requirements of identification under this section, we decline to adopt them.

Accordingly, plaintiff's motion to alter or amend judgment will be denied and defendant's motion for entry of judgment will be granted.