In re James Lee McMANIS d/b/a Tiemkay Leasing & McManis & Associates, Audrey Elizabeth McManis, Debtors.

James Lee McMANIS and Audrey Elizabeth McManis, Plaintiffs,

v.

UNITED STATES of America, Commonwealth of Kentucky and State of Ohio, Defendants.

Bankruptcy No. 82–00022.
Adv. No. 82–0142.

United States Bankruptcy Court,
E.D. Kentucky.

Nov. 3, 1986.

Anthony W. Frohlich, Walton, Ky., for James Lee McManis and Audrey Elizabeth McManis.

Peter M. Davenport, Asst. U.S. Atty., Lexington, Ky., and Gerard J. Mene, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION

JOE LEE, Bankruptcy Judge.

Pursuant to 11 U.S.C. § 505 the debtors seek a determination of the tax liability of the debtor James Lee McManis to the United States of America for withholding and other taxes owed by McManis & Associates, a partnership. The plaintiff debtors and the defendant United States of America each have filed motions for summary judgment pursuant to Bankruptcy Rule 7056 on the grounds there exists no material issue of fact and the issue is one of law only.

### FINDINGS OF FACT:

In September of 1979 the plaintiff debtor James Lee McManis, Ronald Tunning and Timothy Kennedy formed a partnership known as McManis & Associates with offices located at 112 Shelby Street, Covington, Kentucky. On November 13, 1980 an additional general partner, Dean Howe, joined the partnership. The partnership was in the business of construction, restoration and rehabilitation of buildings and homes.

The complaint alleges that Ronald Tunning was the general partner who was responsible for the keeping of partnership records and accounts and for the payment of all bills and taxes of the partnership. It is further alleged that unbeknownst to the plaintiffs, Tunning failed to pay withholding taxes and other taxes and bills owed by the partnership and instead converted to his own use and absconded with partnership funds intended for payment of taxes and other partnership debts.

McManis asserts that in 1959 and prior thereto he was an officer of Fred A. Newmann Company, a large and successful contracting firm in Cincinnati, Ohio; that he was approached by Tunning about developing a piece of riverfront property owned by McManis; that Tunning put together the partnership and was to handle the bookkeeping, employees and day-to-day affairs of the business; that McManis was to provide assistance only through his contacts in business and the use of his name. After the business had been underway for some time McManis began to receive telephone calls at home and at work from contractors complaining about not getting paid. When McManis attempted to inquire into the matter Tunning refused him access to the

books and records of the partnership and disappeared taking most of the business records with him or destroying them. For the purposes of this proceeding the foregoing allegations are accepted as true.

By answer and counterclaim the defendant United States of America seeks judgment against the plaintiff James Lee McManis for taxes owed by the partnership. According to an affidavit of an agent of the Internal Revenue Service the total amount due from James L. McManis for assessments as of July 3, 1986, including taxes, penalties, interest and lien fees is $117,461.20 plus interest which continues to accrue.

The trustee in bankruptcy has filed a Report of No Distribution so the estate is not contesting the liability of the estate for any of the taxes in question because no purpose would be served thereby.

The taxes are for the most part of a kind that are excepted from discharge by 11 U.S.C. § 507(a)(7) and are nondischargeable to the extent the debtor James Lee McManis may be determined to be liable for such taxes.

The debtor James Lee McManis denies liability for the tax obligations of the partnership. He asserts only Ronald Tunning, the general partner responsible for withholding and payment of the taxes of the partnership may be held liable for such taxes.

**CONCLUSIONS OF LAW:**

The Internal Revenue Code, 26 U.S.C. § 3401, *et seq.*, makes the employer responsible for the deduction and payment of withholding taxes. Specifically, 26 U.S.C. § 3403 provides: "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter ..."

An employer is defined in 26 U.S.C. § 3401(d) as "the person for whom an individual performs or performed any service, of whatever nature." See also 26 C.F.R. § 301.3401(d)–1. The term "person" when used in title 26 is to be construed to mean and include an individual, a trust, estate,

partnership, association, company or corporation." 26 U.S.C. § 7701(a)(1); 26 C.F.R. § 301.7701–1.

Partnership law indicates that any individual partner may be considered an employer within the definition of Section 3401. The Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners, a business for profit." Uniform Partnership Act, § 6. The associates are defined as *co-owners* of a business, to distinguish a partner from an agent. Additionally, the definition asserts that each partner is a *co-owner* of the business, since ownership involves the power of ultimate control. 1 Cavitch, *Business Organizations with Tax Planning*, § 12.01.

A partner acting individually but on behalf of the partnership may hire employees of the partnership where the services of such persons are necessary incident to carrying on the business of the partnership. *Home News v. Goodman*, 182 Md. 585, 35 A.2d 442 (1944); *State Compensation Ins. Fund v. Industrial Acci. Comm.*, 28 Cal.App.2d 474, 82 P.2d 732 (1938). Inasmuch as an individual partner is held to have the power to hire employees, he is likewise given the power to discharge employees. *First Nat. Bank of Ann Arbor v. Farson*, 226 N.Y. 218, 123 N.E. 490 (1919). These authorities indicating that an individual partner as co-owner has the general power to hire or discharge employees suggests such partner enjoys employer status. This clearly distinguishes members of a partnership from members of a corporation in that the latter may not necessarily have co-owner or employer status.

With respect to the activities of the partnership, a partner virtually acts as principal for himself and as agent for other partners. *Martin v. Yeoham*, 419 S.W.2d 937 (Mo.App.1967); *Karrick v. Hannaman*, 168 U.S. 328, 18 S.Ct. 135, 42 L.Ed. 484 (1897). In *Parkison v. Thompson*, 164 Ind. 609, 73 N.E. 109 (1905), the court held that a partner may be individually liable for back taxes of the partnership.

It is clear that an individual partner is personally and individually liable for the entire obligations of the partnership. The sole question that is involved is: Are the obligations those of the partnership? The fact that a partner may be a secret partner or any other type of partner is insignificant; he is nonetheless liable for all of the partnership obligations. *Eastex Poultry Co. v. Benefield*, 268 S.W.2d 270 (Tex.Civ. App.1954); *Schneider v. Schneider*, 347 Mo. 102, 146 S.W.2d 584 (1940); *Underwood v. United States*, 118 F.2d 760 (5th Cir.1941); *R.L. Turner Motors v. Hilkey*, 260 Ala. 577, 72 So.2d 75 (1954).

Section 15 of the Uniform Partnership Act reads:

All partners are liable

(a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14.

(b) Jointly for all other debts and obligations of the partnership....

Sections 13 and 14 deal, respectively, with wrongful acts and breach of trust. Section 15(b) concerns itself with all other types of liability of a partnership or of its members.

It is true that the partners among themselves may have an agreement with respect to duties or their liability and the extent thereof. Nevertheless, such an internal arrangement does not bind a creditor of the partnership. The creditor is entitled to proceed against *any* partner for the full amount of the partnership debt and this is so regardless of any agreement amongst the partners. *Gustafson v. Taber*, 125 Mont. 225, 234 P.2d 471 (1951); 1 Barrett & Seago, *Partners and Partnership*, C.3, § 8.2.

In the case at hand, the debtor contends that he, as a non-responsible partner, should incur no tax liability from the partnership. The debtor argues that any tax liability for an individual partner should be based upon the premise that liability should follow a showing of responsibility. For this proposition the debtor cites as authority *McCarty v. United States*, 437 F.2d 961, 194 Ct.Cl. 42 (1971) and *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978).

The *McCarty* and the *Sotelo* cases are distinguishable from the case at hand in that both deal with tax liability of an individual corporate member and not with the tax liability of an individual partner. This is significant in that every member of a partnership entity has co-owner and employer status but an individual member of a corporation may not entail such status. Uniform Partnership Act, § 6.

In *Bailey v. United States*, 355 F.Supp. 325 (E.D.Pa.1973), the court held it proper to make an assessment against an individual partner under section 3401, where the partnership was no longer in existence, whether or not the individual met the requirements of 26 U.S.C. § 6672 as a responsible person. The court stated:

We have found nothing in the Code to indicate that the IRS is prohibited from making an assessment against an individual under Section 3401, where the entity no longer exists. In fact, the term person as used throughout Title 26 and including Section 3401(d)(1) may be construed to mean an individual....

In *Bailey* in explaining the justification for holding that an assessment for tax liability under section 3401 may be made against an individual partner of a partnership entity, the court suggested that to hold otherwise would create a significant loophole in the tax structure in situations where an individual may be a partner under the appropriate state law, but may not fulfill the requisite test of a responsible partner under section 6672. This would preclude recovery of taxes due from him where the employing entity no longer exists.

Counsel for the debtor interprets the *Bailey* case as standing for the proposition that a partner is not necessarily liable for partnership taxes but only "may" be liable. He cites the court's statement that

.... an individual may be a partner under appropriate state law, but may not fulfill the requisite test of a responsible

partner under section 6672, thus precluding recovery of taxes due from him where the employing entity is defunct.

*Id.* at 330.

The paragraph from which the above excerpt is taken in its entirety is as follows:

> Yet another reason compels us to conclude that an assessment for tax liability under Section 3401 et seq. may be made against an individual member of a tax paying entity. A 'responsible' person under Section 6672 is frequently defined as a person who has 'the final word as to what bills should or should not be paid, and when'. See *Dudley v. United States*, 428 F.2d 1196 (9th Cir.1970). In situations as in the instant case, an individual may be a partner under the appropriate state law, but may not fulfill the requisite test of a responsible partner under Section 6672, thus precluding recovery of taxes due from him where the employing entity is defunct. Thus, to hold as plaintiff suggests would potentially create a significant loophole in the tax structure.

Read in whole, it is clear the court is giving an explanation why it is compelled to conclude that an assessment for tax liability under the 26 U.S.C. § 3401 may be made against an individual partner, whether or not the individual partner fulfills the requisite test of a responsible partner under 26 U.S.C. § 6672. The court says to hold otherwise would create a significant loophole in the tax structure.

Applying the standard used in *Bailey* and incorporating the law of partnership to the case at hand, the debtor falls within the section 3401 definition of employer and as a matter of law is liable for the taxes of the partnership whether or not he is a "responsible" person under section 6672.