In the Matter of LACKAWANNA DE-TECTIVE AGENCY, INC., Debtor.

Bankruptcy No. 86–140.

United States Bankruptcy Court,
D. Delaware.

Jan. 13, 1988.

Vivian A. Houghton, Wilmington, Del., for debtor.

Joseph Patrick Hurley, Jr., Kevin R. Slattery, Deputy Attys. Gen., Wilmington, Del., for the Div. of Unemployment Ins.

Charlene D. Davis, Richard J. McMahon, Asst. U.S. Attys., Wilmington, Del., for I.R.S.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Lackawanna Detective Agency, Inc., a Chapter 11 debtor, has proposed a plan in which it classifies and treats a portion of the claim of the Internal Revenue Service and the claim of the State of Delaware as general unsecured claims. The claimants contend the plan cannot be confirmed because the proposed treatment violates 11 U.S.C. § 1129(a)(9)(C) which requires that they receive as holders of tax claims deferred cash payments equal to the allowed amounts of their claims over a period not to exceed six years from date of assessment. The debtor has objected to their claimed priority status asserting that the assessments against employers for unemployment insurance and social security insurance are voluntary pecuniary burdens not taxes; therefore, these claims are properly treated as general unsecured claims.

The objections of debtor, IRS and Delaware raise the issue of whether pre-petition payments owed by the debtor under the Federal Unemployment Tax Act (FUTA), Federal Insurance Contributions Act (FICA), and the Delaware Unemployment Compensation Law are tax claims entitled to priority status under 11 U.S.C. § 507(a)(7)(D), formerly designated as 507(a)(6)(D).

FICA and FUTA are Chapters 21 and 23, respectively, under Subtitle C—Employment Taxes and Collection of Income Tax—of the Internal Revenue Code of 1986, title 26 of the United States Code. Subchapter B of FICA bears the title—Tax on Employers. Section 3111 of FICA and § 3301 of FUTA, are titled Rate of Tax. The introductory sentences of each section again refer to the assessments under these acts as being taxes. Unlike the two federal statutes, the Delaware statute refers not to taxes but to assessment; however, the law is based upon FUTA.

Section 1129(a) of title 11 recites the standards which must be met before a plan can be confirmed. Subsection (9) provides:

Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that......

(C) with respect to a claim of a kind specified in section 507(a)(7) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

The pertinent provisions of Section 507 Priorities are:

(a) The following expenses and claims have priority....

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for ...

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition.

The legislative history reinforces the position of both the IRS and Delaware that payments due and owing by an employer on wages earned and paid before the filing of a bankruptcy case are to receive special treatment as taxes:

Employment taxes and transfer taxes (including gift, estate, sales, use and other excise taxes) are also given sixth priority if the transaction or event which gave rise to the tax occurred before the petition date, provided that the required re-

turn or report of such tax liabilities was last due within 3 years before the petition was filed or was last due after the petition date (§ 507(a)(6)(A)(ii)). The employment taxes covered under this rule are the employer's share of the social security and railroad retirement taxes and required employer payments toward unemployment insurance. (S.Rep. No. 95–989, 95th Cong., 2d Sess. 70 (1982), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5856 reported at 11 U.S.C.A. § 507, note, p. 265).

The foregoing and the following remarks of Rep. Edwards and Sen. DeConcini reflect an intent that the Bankruptcy Reform Act codify the holding of the Supreme Court in *U.S. v. State of New York*, 315 U.S. 510, 62 S.Ct. 712, 86 L.Ed. 998 (1942) that both employer and employee portions of the Social Security Act taxes are taxes entitled to priority.

> The employer's share of the employment taxes on wages earned and paid before the bankruptcy petition will receive sixth priority to the extent the return for these taxes was last due (including extensions of time) within 3 years before the filing of the petition, or was due after the petition was filed. Older tax claims of this nature will be payable as general claims. (124 Cong Rec H11112–13 (daily ed. Sept. 28, 1978); S17429–30 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini).

The Third Circuit Court of Appeals in *In Re William Akers, Jr., Co., Inc.*, 121 F.2d 846 (1941) held that the priority of a state's claim for unemployment contributions is not affected by use of the generic term "debt." On page 850 of its opinion the court quoted, with approval, from a thirty-year-old Pennsylvania Law Review as follows:

> * * * Any statute is to be classified as a taxing statute which directly requires the payment of money by a person as a contribution to a public benefit. Under such a classification, a statute which imputes liability to a person and thereby compels payment of money by him, either without reference to any wrongdoing on his part or by imputing wrongdoing where none in fact exists, is either void as a confiscation of property, or is an exercise of the power of taxation. If done without reference to any public benefit it is a confiscation; if done for the purpose of accomplishing a public benefit and if the public benefit is of sufficient consequence in proportion to the amount of money compelled to be paid, it is taxation. Snow, Social Insurance, 59 University of Pennsylvania Law Review 283, 286–287.

The first section of the Delaware Unemployment Compensation Law, 19 *Del.C.* § 3301, Declaration of Public Policy, places it within the category of taxation:

> As a guide to the interpretation and application of this chapter, the public policy of this State is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of this State. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the General Assembly to prevent its spread and to lighten its burden ... This can be accomplished ... by the systematic accumulation of funds during periods of employment from which benefits may be paid for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The General Assembly therefore declares that in its considered judgment the public good and the general welfare of the citizens of this State require the enactment of this measure, under the police power of the State, for the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own.

■ Debtor asserts that these payments must meet the 4-prong test of *In Re Lorber Industries of California, Inc.*, 675 F.2d 1062 (9th Cir.1982) to determine whether they are taxes. This argument is without merit. While it is true that a legislature cannot by label cause a payment to

be a tax and, conversely, by use of a term other than tax cause a payment to be something else, the payments required under FICA, FUTA and Delaware Unemployment Compensation Law place upon employers an involuntary pecuniary burden which serves a public interest. Thus, they are taxes. *In Re Skjonsby Truck Line, Inc.,* 39 B.R. 971 (Bkrtcy D.N.D.1984); *In Re Garden Inn Steak House, Inc.,* 22 B.R. 830 (Bkrtcy N.D. Ohio 1982).

The proofs of claim of both the IRS and Delaware reflect a claim for priority status for taxes/assessments due for the year 1982. The claims do not show whether a return for that year was due before or after 3 years before April 7, 1986, the date of the filing of the petition in bankruptcy. Since only those taxes for which a return was due after April 7, 1983, are entitled to priority status, the claims of IRS and Delaware can be allowed as priority claims for only the years forward of 1982.

The proposed plan cannot be confirmed. Absent consent, treatment of FUTA, FICA and Delaware Unemployment Compensation payments due and owing on wages paid before the filing of the case must conform to 11 U.S.C. § 1129(a)(9)(C). Therefore, the objections to confirmation must be sustained.