In re John Woodrow ROSS, Debtor.

John Woodrow ROSS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 89–1024–BKC–3P7.

Adv. No. 89–168.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 18, 1990.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Richard A. Resnick, Washington, D.C., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR THIS ADVERSARY PROCEEDING AND OBJECTION TO CLAIM NUMBER 26

GEORGE L. PROCTOR, Bankruptcy Judge.

John Woodrow Ross, plaintiff, filed this adversary proceeding to determine the dischargeability of tax debts pursuant to 11 U.S.C. § 523. Plaintiff also filed an objection to claim number 26 of the United States of America objecting to priority status and penalties attaching to the taxes at issue. The Court consolidated the hearing on the objection and trial of this proceeding and heard them on August 23, 1990. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Plaintiff filed his petition for relief under Chapter 7 of the Bankruptcy Code on April 18, 1989. The Department of Treasury, Internal Revenue Service, filed claim number 26 in the amount of $468,984.04 and subsequently reduced it to $417,089.71.

Plaintiff filed both an objection to the claim and this adversary proceeding to determine the dischargeability of his partnership interest tax debts. The debts are for unpaid Federal Insurance Contributions Act (FICA) taxes for the years 1986 through 1988, and for unpaid Federal Unemployment Tax Act (FUTA) taxes for the years 1984 through 1988.

In 1984, plaintiff with two others formed a general partnership known as Red Mule Leasing which was engaged in the trucking business in Kingsport, Tennessee. Plaintiff was a signatory on Red Mule Leasing checking accounts but did not actively participate in the daily operations.

In 1985, plaintiff's partners made him aware of the delinquency of Red Mule in making payroll tax deposits. The Internal

Revenue Service filed a tax lien against the partnership resulting in a payment schedule and release of the liens.

In 1986, Red Mule Leasing again became delinquent in the tax deposit obligations. Again, a payment schedule was arranged. However, in 1987, just prior to the curing of the 1986 delinquency, Red Mule Leasing filed a Chapter 11 petition. Although an independent certified public accountant was brought in to verify the debtor's accounts, the tax deposits were not paid.

The primary issue in this adversary proceeding is whether plaintiff is a "responsible person" liable for the taxes due. The Court holds that he is.

*Conclusions of Law*

11 U.S.C. § 523(a)(1) provides:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under extension, and after two years before the date of the filing of the petition. . . .

11 U.S.C. § 507(a)(7)(C) and (D) provide:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(C) a tax required to be collected or withheld for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition.

■ The Internal Revenue Code requires employers to withhold federal social security and income taxes from the wages of employees. 26 U.S.C. §§ 3102 and 3402. The taxes withheld from each employee's wages constitute a special fund held in trust for the benefit of the United States. *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983); *Newsome v. United States,* 431 F.2d 742, 745 (5th Cir.1970); *United States v. Hill,* 368 F.2d 617 (5th Cir.1966). The claim in the instant proceeding is for federal withholding taxes due for social security and income taxes of employees.

An employer is liable for the payment of the taxes required to be withheld from an employee's wages. 26 U.S.C. §§ 3401 and 3403. An employer is defined under 26 U.S.C. § 3401(d) as "the person for whom an individual performs or performed any service, of whatever nature." The meaning of "person" in this context includes a partnership as well as partners. 26 U.S.C. § 7701(a)(1); *McManis v. United States,* 70 B.R. 171 (Bankr.E.D.Ky.1986). Furthermore, "the taxes in question, withholding and FICA, were statutory obligations of the partnership and the partners." *F.P. Baugh, Inc. v. Little Lake Lumber Company,* 297 F.2d 692 (9th Cir.1961).

■ It is basic that a partner is personally liable for all the debts of the partnership, including tax liabilities. *Young v. Riddell,* 283 F.2d 909 (9th Cir.1960); *McManis* at 174.

■ A debtor/partner is within the meaning of, and liable as, an employer for the payment of employment and withholding taxes. *McManis* at 174; *Baily v. United States,* 355 F.Supp. 325 (E.D.Pa.1973). The level of participation in the affairs of the partnership by a partner or the existence of an agreement by the partners with respect to duties do not bind creditors of the partnership who can proceed against any partner for the full amount of the partnership's debts. *McManis* at 174.

■ An assessment for tax liability under 26 U.S.C. § 3401 may be made against an individual partner of a partnership. Otherwise, it "would create a significant loophole in the tax structure in situations where an individual may be a partner under the appropriate state law, but may not fulfill the requisite test of a responsible partner under Section 6672. This would preclude recovery of taxes due from him where the employing entity no longer exists." *Id.; Baily* at 330.

■ Seventh priority is given to taxes required to be collected or withheld and for which the debtor is liable in whatever capacity. 11 U.S.C. § 507(a)(7)(C). In the present adversary proceeding, withholding taxes were required to be withheld for which the plaintiff admitted being liable in his capacity as a partner of Red Mule Leasing. Consequently, the claims against the plaintiff by the United States for the trust fund portion of the plaintiff's tax liabilities are entitled to priority under 11 U.S.C. § 507, and are excepted from discharge pursuant to § 523(a)(1)(A). *In re Alton*, 81 B.R. 97 (Bankr.M.D.Fla.1987).

The legislative history reinforces the position ... that payments due and owing by an employer on wages earned and paid before the filing of a bankruptcy case are to receive special treatment as taxes. *Matter of Lackawanna Detective Agency, Inc.*, 82 B.R. 336, 337 (Bankr.D.Del.1988). The payments required by FICA, FUTA ... place upon employers an involuntary pecuniary burden which serves a public interest. *Id.* at 339.

Because plaintiff is liable for the tax liabilities of the partnership, the claims against plaintiff by the United States for the partnership's share of the FICA and FUTA tax liabilities are entitled to priority status and are excepted from discharge.

### Conclusion

1. A separate final judgment in accordance with these Findings of Fact and Conclusions of Law will be entered in this proceeding.

2. A separate order will be entered in the main case allowing, in part, claim number 26 of the United States of America.

### FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED

(1) The FICA taxes for the years 1986 through 1988, resulting from plaintiff's partnership interest in Red Mule Leasing are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

(2) The FUTA taxes for the years 1985 through 1988, resulting from plaintiff's partnership interest in Red Mule Leasing are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

(3) The FUTA taxes for the year 1984 are discharged.