Charles T. GRIFFITH, Plaintiff,

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. C82–3391.

United States District Court,
N.D. Ohio, E.D.

Feb. 15, 1983.

Charles Griffith, pro se.

John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

WHITE, District Judge.

According to plaintiff's complaint, on September 3, 1982 the Internal Revenue Service (IRS) sent plaintiff a letter claiming that his W–4 form did not meet the requirements of Internal Revenue Code § 3402 and informing him that his employer would be directed to disregard the W–4 form and withhold monies from his paycheck as if he were single and claiming one (1) withholding allowance. By letter dated September 14, 1982 plaintiff informed the IRS of his reasons for completing the W–4 form in the allegedly illegal manner. However the IRS notified his employer to proceed withholding as if plaintiff were single, claiming one deduction and also notified him that it was assessing a penalty of five hundred dollars ($500) under 26 U.S.C. § 6682(a). Upon receiving this notice plaintiff requested the IRS to inform him of the proper procedure for appeal. On November 26, 1982 plaintiff received notice from the IRS of its

right to levy upon wages, bank accounts, receivables, or any other kind of income in order to collect the five hundred dollars ($500) penalty.

This matter is before the Court upon the plaintiff's motion for a temporary restraining order to enjoin the IRS from collecting any penalty under 26 U.S.C. § 6682(a) and the government's motion to dismiss for lack of jurisdiction.

■ The primary issue in this case is whether the anti-injunction provision of the Internal Revenue Code prevents the court from granting the relief requested. 26 U.S.C. § 7421(a) provides:

"Except as provided in SS6212(a) and (c), 6213(a), 6672(b). 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

The purpose of the Anti-Injunction Act is to give the United States a free hand in assessing and collecting taxes without intervention by the courts and to limit determination of disputed sums to suit for refund. *Matter of Carlson*, 580 F.2d 1365 (10th Cir.1978).

■ Plaintiff was required to pay a penalty under 26 U.S.C. § 6682 authorizing a five hundred dollar ($500) penalty for making a statement under § 3402 which results in a decrease in the amounts deducted and withheld when there was no reasonable basis for such statement. Although the assessment is a penalty it is still considered a tax and comes within the meaning of the anti-injunction statute. *Crouch v. Commissioner of Internal Revenue Service*, 447 F.Supp. 385 (N.D.CA 1978). 26 U.S.C. § 6671(a) provides:

The penalties and liabilities provided by this Subchapter [B] shall be paid upon notice and demand by the Secretary or his delegate and shall be collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be

deemed also to refer to penalties and liabilities provided by this subchapter." Section 6671 treats all penalties imposed by Subchapter B as taxes insofar as their assessment and collection is concerned. The penalty pursuant to § 6682 is found in Subchapter B.

■ An exception to the Anti-Injunction Act is permitted if it is clear that under no circumstances the government can ultimately prevail and the taxpayer shows that he would otherwise suffer irreparable injury. *Enochs v. Williams Packing Company*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

The plaintiff contends that the government cannot prevail in the assessment or collection of the penalty because his Fifth Amendment due process rights were denied. Specifically he argues that he cannot be deprived of property without due process consisting of a right to a trial or hearing before the tax is paid as well as the right to sue for recovery after payment. Prejudgment garnishment of wages to collect this penalty is such a deprivation of due process.

Under the Internal Revenue Code, when any person owing a federal tax refuses or fails to pay within ten (10) days after notice and demand, the Secretary or his delegate shall collect the tax and necessary expenses by levy upon all property not otherwise exempted from levy belonging to such person or in which there is a lien for payment of the tax. If there is a finding that the collection of the tax is in jeopardy, notice and demand may be made for immediate payment without regard for the ten (10) day period. 26 U.S.C. § 6331(a).

Several courts have held that as long as there is an adequate opportunity for post seizure determination of rights, the summary tax collection procedures of the Internal Revenue Code meet the requirements of due process. *Myers v. United States*, 647 F.2d 591 (5th Cir.1981) citing *G.M. Leasing Corp. v. United States*, 429 U.S.

338, 352, n. 18, 97 S.Ct. 619, 628 n. 18, 50 L.Ed.2d 530 (1977). *Phillips v. Commissioner,* 283 U.S. 589, 595–98, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931). *Commissioner v. Shapiro, supra.* 424 U.S. at 630–32 and n. 12, 96 S.Ct. at 1072–73 and n. 12, *Ginter v. Southern,* 611 F.2d 1226 (8th Cir.1979) *cert. denied* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980).

26 U.S.C. § 6682(c) excludes tax court jurisdiction concerning this five hundred dollar ($500) penalty. However once the penalty is paid the plaintiff may sue to recover improper penalties in a district court pursuant to 28 U.S.C. § 1346.

 Plaintiff's claim that the manner of collection of the penalty violates his Fifth Amendments rights is without merit. He has attempted to show that the government cannot prevail in the collection of the penalty because to do so prior to hearing would deprive him of his Fifth Amendment constitutional rights. Case law dictates otherwise. Plaintiff asserts that prejudgment attachment of wages results in irreparable injury citing several cases, none of which involve the collection of taxes by the United States. Federal taxes, including remedies for collection have been determined to be an important right of the government independent of legislative action of the states. *Matter of Carlson,* supra. The power of the government to levy is essential to the self assessment tax system because it encourages voluntary compliance with the tax laws and furthers the collection of taxes which are essential to the continuance of the government. *Matter of Carlson,* supra. Since the constitutionality of levying on a taxpayer's property prior to a hearing if a post seizure hearing is available has been upheld, plaintiff has not shown that the government will not prevail in the collection of the penalty. Therefore the Anti-Injunction Act is applicable and the motion of the defendant to dismiss for lack of jurisdiction is granted.

IT IS SO ORDERED.