**Hans and Norma BOTHKE, Plaintiffs,**

v.

**UNITED STATES of America, Theron C. Polivka, District Director, I.R.S., Defendants.**

**No. CV 86–4580–RJK (Px).**

United States District Court, C.D. California.

April 6, 1987.

Hans and Norma Bothke, Orange, Cal., plaintiffs in pro per.

Robert C. Bonner, U.S. Atty., Charles H. Magnuson, Asst. U.S. Atty., Chief, Tax Div., Jeffrey C. Varga, Asst. U.S. Atty., Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER; JUDGMENT

KELLEHER, Senior District Judge.

### BACKGROUND

Plaintiffs Hans and Norma Bothke, in pro se, brought this action challenging a $500.00 "frivolous tax return penalty" assessed against them under 26 U.S.C. § 6702.

Plaintiffs received a Notice of Assessment on November 18, 1985. The Notice identified the tax year in issue as 1984. Plaintiffs filed a timely claim contesting the penalty and paid 15% of the assessment in accordance with 26 U.S.C. § 6703(c)(1). Plaintiffs' administrative claim identified 1984 as the tax year in issue. When no action was taken on the claim, plaintiffs filed this lawsuit.

Thereafter, plaintiffs received a notice dated July 28, 1986 entitled Statement of Change to Your Account. The notice pertained to a refund owed to plaintiffs on their 1983 tax return. It stated that a $500.00 penalty was being offset against the amount owed plaintiffs for their 1983 tax refund.

On January 22, 1987, the Internal Revenue Service ("IRS") abated the $500.00 penalty assessed on November 18, 1985 and refunded the 15% paid by plaintiffs, plus interest.

On February 2, 1987, this Court granted plaintiffs' motion for leave to amend the complaint. The amended complaint seeks return of the $500.00 offset against plaintiffs' 1983 tax refund and interest, charging that the offset was illegal because plaintiffs had properly contested the penalty. Additionally, the complaint seeks damages for violations of constitutional rights and for emotional distress against defendants the United States and Theron C. Polivka, District Director of the IRS.

Plaintiffs now move for judgment on the pleadings. Defendant United States responds that the motion is frivolous and asks the Court to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendant alternatively argues that the Court should find in favor of defendants on the merits.

Both sides rely on material outside the pleadings in support of their respective positions.

### ANALYSIS

I. *Whether this Action Should be Dismissed for Lack of Subject Matter Jurisdiction or for Failure to State a Claim*

The United States first claims that the entire action should be dismissed. The complaint essentially states three types of claims: (1) damages claims for violations of constitutional rights; (2) claims for tort damages; and (3) a claim for refund of the $500.00 offset against plaintiffs' 1983 tax refund.

A. Claims for Violation of Constitutional Rights

Defendants argue that plaintiffs' claims for violations of their constitutional rights must be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

■ The essence of defendants' argument that this Court lacks subject matter

jurisdiction over these claims appears to be that the action cannot be maintained against the United States and federal officers acting in their official capacity under principles of sovereign immunity. Defendants apparently fail to appreciate the theoretical distinction between subject matter jurisdiction and failure to state a claim. As the Supreme Court held in the landmark case of *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), a claim that federal officials violated plaintiff's constitutional rights clearly "arises under the Constitution or laws of the United States." *Id.* at 680, 66 S.Ct. at 775. It is beyond question that federal subject matter jurisdiction exists with respect to these claims. Thus, defendants' motion can only succeed as a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Plaintiffs' constitutional claims may fairly be characterized as *Bivens* claims that federal officials have violated plaintiffs' constitutional rights. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is true that the United States has not waived sovereign immunity with respect to such claims. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir.1985), *cert. denied*, 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986). Thus, plaintiffs' claims of constitutional violations must be dismissed as against the United States.

Defendants further argue that the *Bivens* claims must be dismissed as against the individual defendant because plaintiffs purport to sue him in his official capacity. The bar of sovereign immunity cannot be avoided by having officers and employees of the United States as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (holding a suit against IRS employees in their official capacity is essentially a suit against the United States). Thus, to the extent plaintiffs' state constitutional claims against the individual defendants in their official capacity, these claims must be dismissed.

Defendants also contend that plaintiffs cannot state a *Bivens* cause of action against individual defendants in their individual capacity. *See Todd v. United States*, 802 F.2d 1152 (9th Cir.1986). In *Todd*, the Ninth Circuit held that a *Bivens* action will not lie against IRS employees for violations of constitutional rights incident to assessment and collection of a § 6702 penalty. The court reasoned that the statutory procedures for contesting the penalty together with the availability of de novo judicial review provided adequate protections. Thus, plaintiffs' claims for violations of their constitutional rights must be dismissed as against defendant Polivka.

**B. Tort Claims**

Defendants argue that plaintiffs' prayer for damages resulting from emotional distress is an attempt to state a cause of action in tort, and should be dismissed for lack of subject matter jurisdiction and because it is barred by sovereign immunity.

Preliminarily, it appears that plaintiffs recite emotional distress only as an element of injuries suffered due to the constitutional violations alleged, not in an attempt to state a tort claim.

However, even if the complaint can be construed to state a tort claim, subject matter jurisdiction could only be based on principles of pendent jurisdiction. The only possible basis for subject matter jurisdiction over a tort claim against the United States is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* However, the FTCA does not apply to any "claim arising in respect of the assessment or collection of any tax or customs duty." *Id.* § 2680(c). Thus, plaintiffs' tort claims (if any) against the United States are barred by sovereign immunity. Similarly, any such claims against individual IRS employees acting in their official capacity are also barred. *See Gilbert v. Da Grossa*, 756 F.2d 1455 (9th Cir.1985).

The only other possibility is to construe the complaint as stating tort claims against the individual defendant acting outside his official capacity, with federal subject matter jurisdiction arising under principles of pendent jurisdiction. Neither side has attempted to argue whether pendent jurisdic-

tion exists. Thus, the tort claims (if any) should be dismissed for lack of subject matter jurisdiction.

### C. The Refund Claim

The United States next claims that this Court lacks subject matter jurisdiction over plaintiffs' suit for refund of the $500.00 plus interest.

Defendant contends that although the November 18, 1985 Notice of Assessment identified the tax year 1984 as the one in issue, the § 6702 penalty was assessed with respect to plaintiffs' 1983 tax return. Moreover, the United States maintains that the Internal Revenue Manual at that time required that the notice of assessment identify as the tax year in issue the year in which the violation was discovered, NOT the tax year for which the penalty was assessed. Thus, according to defendant, the November 18, 1985 Notice identifies 1984 as the period in issue because that was the year in which the violation was discovered. However, the tax return which gave rise to the violation was the tax year 1983.

Filing of an administrative claim is a jurisdictional prerequisite to filing a district court action for refund. 26 U.S.C. § 7422(a); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir.1985). Thus, defendant claims, this Court is without jurisdiction over this lawsuit because plaintiffs do not allege that they filed an administrative claim with respect to tax year 1983.

■ Defendant's argument must fail. The First Amended Complaint alleges the timely filing of an administrative claim for the tax year which the IRS identified as the one in issue. The complaint further alleges that the IRS failed to respond to the claim and wrongfully withheld the disputed penalty from plaintiffs' 1983 tax refund. Plaintiff clearly states a cause of action for a refund under the applicable sections of the Internal Revenue Code. Plaintiffs' complaint cannot be defeated by defendant's attempt to contest the facts on which it is based.

In sum, plaintiffs' claims for damages for violation of constitutional rights and for tort recovery must be dismissed. However, plaintiffs state a cause of action for refund of the $500.00 offset against their 1983 tax refund.

### II. *The Merits of Plaintiffs' Claim for Refund*

Both parties have submitted exhibits and other materials outside the scope of the pleadings in support of their respective positions. Fed.R.Civ.P. 12(c) provides that the Court must treat a motion so supported as one for summary judgment so long as the parties are given reasonable opportunity to present all pertinent materials.

In the instant case, both the United States and plaintiffs have expressly asked for a final determination on the merits. Additionally, the documentation submitted by both sides appears to represent the complete record regarding the transactions at issue. Accordingly, the Court finds that the parties have had a reasonable opportunity to present all pertinent material.

The following facts are undisputed by the parties:

On November 18, 1985, the IRS assessed a $500.00 frivolous tax return penalty against plaintiffs under 26 U.S.C. § 6702. The Notice of Assessment identified 1984 as the period in issue. Plaintiffs paid 15% of the assessment and filed a timely claim contesting the penalty and demanding a refund. The administrative claim identified 1984 as the tax year in issue. After no action was taken on the claim, plaintiffs timely filed this refund suit.

Thereafter, plaintiffs received a notice entitled Statement of Change to Your Account, dated July 28, 1986. That document identified 1983 as the tax year in issue, and notified plaintiffs that a $500.00 penalty was offset against the amount to be refunded to them for tax year 1983. The statement does not identify the nature of or basis for the penalty assessed.

On January 22, 1987, the IRS abated the November 18, 1985 assessment and refunded the 15% payment plaintiffs had made. Thus, the only dispute remaining relates to

the $500.00 penalty assessed and collected on July 28, 1986.

Plaintiffs contend that the IRS wrongfully offset this amount in satisfaction of the November 18, 1985 assessment. Defendant claims that the July 28, 1986 assessment represented a separate and distinct frivolous tax return penalty. Further, defendant maintains that both the November 18, 1985 assessment and the July 28, 1986 assessment arose from violations on plaintiffs' 1983 tax return, even though the November 18, 1985 Notice of Assessment identified the year 1984 as the period in issue. Thus, defendant contends, plaintiffs cannot prevail on the refund claim because they failed to file an administrative claim contesting the penalty for tax year 1983.

In support of its contention, defendant relies on two internal IRS documents. The first is a copy of Internal Revenue Manual Exhibit 4560–5(1)(A). Defendant claims that this document required the IRS to identify as the period in issue the year in which a violation was discovered, not the tax year for which a penalty was assessed.

Defendant concedes that this policy was confusing to taxpayers and notes that it has since been changed. Defendant also concedes that the November 18, 1985 assessment has been abated and that plaintiffs are no longer liable for that penalty.

The only other evidence defendant offers is a "Certificate of Assessments and Payments Covering [plaintiffs] Individual Income Tax for the period ending December 31, 1983." Defendant cites this document in support of its contention that the July 28, 1986 assessment represented a $500.00 frivolous tax return penalty for violations committed with respect to plaintiffs' 1983 tax return.

 The Court has carefully examined this document, however, and can find no notation that any frivolous tax return penalty was assessed against plaintiffs with respect to tax year 1983.

The burden of proof with respect to liability for a frivolous tax return penalty rests on defendant. 26 U.S.C. § 6703(a). The Court finds that defendant has submitted no evidence to support its claim that the $500.00 offset was properly assessed as a frivolous tax return penalty pursuant to 26 U.S.C. § 6702.

Accordingly, the Court concludes that plaintiffs are entitled to summary judgment on the claim for refund in the amount of $500.00 plus interest from July 28, 1986.

IT IS HEREBY ORDERED THAT plaintiffs' claims for damages for violation of constitutional rights and for recovery in tort be dismissed as against all defendants.

IT IS FURTHER ORDERED THAT summary judgment shall be and hereby is entered in favor of plaintiffs and against defendant United States in the amount of $500.00 plus interest at the legal rate from July 28, 1986.

Plaintiffs shall recover their costs of suit upon proper filing of a bill of costs with the Clerk of this Court.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

The Clerk shall send, by United States mail, a copy of the Memorandum of Decision and Order to plaintiffs and to counsel for defendants.