**Edwin V. NASSAR, Plaintiff,**

**v.**

**UNITED STATES of America (John Hummel, District Director, Internal Revenue Service), Defendant.**

**Civ. A. No. 91–75074.**

United States District Court,
E.D. Michigan, S.D.

May 12, 1992.

Edwin V. Nassar, pro se.

Stephen J. Markman, U.S. Atty. by John V. Cardone, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S JANUARY 6, 1992 MOTION TO DISMISS

GADOLA, District Judge.

The government filed a motion to dismiss January 6, 1992. The court believes that plaintiff's February 26, 1992 letter was filed as a response to the motion. Pursuant to LR 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), no oral argument will be heard.

### STANDARD OF REVIEW

Upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or 12(c), all allegations

in the complaint are to be accepted as true and construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *United States v. Mississippi,* 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965).

The court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983). The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Lee v. Western Reserve Psychiatric Habilitation Ctr.,* 747 F.2d 1062, 1065 (6th Cir.1984).

## BACKGROUND FACTS

Plaintiff served John Hummel, district director of the Internal Revenue Service ("IRS"), with a complaint seeking a refund of taxes collected through a wage levy and injunctive relief enjoining the IRS from any further collection activities. Service upon the United States is effected by delivering a copy of the summons and the complaint to the United States attorney for the district in which the action is brought and by sending a copy of the summons and the complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed.R.Civ.P. 4(d). Despite plaintiff's failure to properly serve defendant, the court will proceed to the merits of the claim.

Plaintiff admits that he filed no federal income tax form 1040 for the years 1985 and 1986. Plaintiff's compl. at 8. On December 10, 1988, a delegate of the Secretary of the Treasury, pursuant to I.R.C. § 6020(b) [1], executed Form 1040 tax returns for the plaintiff for the years 1985 and 1986. Pursuant to section 6201 [2] and section 6203 [3], a delegate of the Secretary of the Treasury assessed the plaintiff for income tax deficiencies for 1985 and 1986. On December 25, 1989, a deficiency of $5,923 plus statutory penalties and interest was assessed for 1985. On February 2, 1990, a deficiency of $7,481 plus statutory penalties and interest was assessed for 1986. *See* defendant's ex. 1 at 1 (Form 4340, Certificate of Assessments and Payments for 1985); defendant's ex. 2 at 1 (Form 4340 for 1986).[4]

1. *Unless otherwise indicated, all section references are to the Internal Revenue Code, 26 U.S.C., as in effect of the years at issued.* Section 6020(b) states

   Execution of Return by Secretary.—
   (1) Authority of secretary to execute returns.—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, ... the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
   (2) Status of returns.—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

2. Section 6201(a) states

   The Secretary is authorized and required to make ... assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title.... Such authority shall extend to and include the following:

   (1) Taxes shown on return.—The Secretary shall assess all taxes determined ... by the Secretary as to which returns ... are made under this title.

3. Section 6203 states

   The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary.

4. A Certificate of Assessments and Payments is sufficient evidence that assessments are made in the manner prescribed by section 6203 and applicable regulations. *United States v. Chila,* 871 F.2d 1015, 1017–18 (11th Cir.) ("no question" that IRS certificates meet the requirements of § 6203 and § 301.6203–1 and are "presumptive proof" of a valid assessment) *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *United States v. Dixon,* 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd,* 849 F.2d 1478 (11th Cir.1988); *United States v. Miller,* 318 F.2d 637, 639 (7th Cir.1963) (IRS certificate establishes that assessments were made in manner prescribed by applicable statute and regulations);

Pursuant to these assessments, a delegate of the Secretary of the Treasury duly issued notices of the assessments and demand for payment to the plaintiff. *See* defendant's ex. 1 at 3; defendant's ex. 2 at 2.[5] On January 15, 1990, and February 26, 1990, a delegate of the Secretary of the Treasury duly issued notices of an intent to levy on the plaintiff's property. *See* defendant's ex. 3 at para. 5 (Declaration of Jerry R. Abraham). Plaintiff has failed to duly file a claim for a refund for 1985 or 1986 federal income taxes. *See* defendant's Ex. 4 (Declaration of John V. Cardone).

Plaintiff appears to be under a misapprehension of what constitutes a claim for a refund. He admits to filing no federal income tax forms for 1985 or 1986 (complaint at 8); therefore, he cannot validly claim in paragraph 5 of the complaint that a refund is due based upon his 1985 and 1986 1040 federal tax forms.[6] Plaintiff may believe, however erroneously, that an administrative appeal of a filing of a notice of federal tax lien is a valid claim for a refund (plaintiff's mem., ex. G) or that a refund of monies based upon a tax form for 1984 constitutes a claim for 1985 and 1986 as well (complaint at para. 5.2). As noted below, any such belief would be in error.

### ANALYSIS

### I. SOVEREIGN IMMUNITY

■ A claim made against a defendant in his official capacity is deemed to be a claim against the United States. *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91

L.Ed. 1209 (1947); *Mine Safety Co. v. Forrestal,* 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140 (1945); *Wells v. Roper,* 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755 (1918). Plaintiff's complaint all but admits that he is suing the district director in his representative capacity. The caption of the complaint does not include the director's name, merely his title. In addition, plaintiff alleges that he is suing the district director for the actions of his employees. Complaint at 3.

■ Although not named in the caption, the complaint is read to be against the United States as the only party. A suit is against the sovereign if:

the judgment sought would expend itself on the public treasury or domain, or interfere with public administration or it the effect of the judgment would be to restrain the Government from acting, or compel it to act.

*Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Plaintiff seeks an injunction against the IRS and a refund of monies collected for the tax years 1985 and 1986. This relief would affect the government's taxing and revenue collection activities and would be an expense upon the public treasury. *See Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (a suit against a public servant in his official capacity involves only the liability of the governmental entity). Therefore, under *Dugan,* plaintiff's suit is against the United States.[7]

---

*United States v. Lorson Elec. Co.,* 480 F.2d 554 (2d Cir.1973); *Baily v. United States,* 355 F.Supp. 325, 330 (E.D.Pa.1973).

**5.** A Certificate of Assessment is presumptive proof of a valid assessment; and with the certificate, the defendant establishes that it made procedurally valid assessments and issued notices and demand for payment. *See Rocovich v. United States,* 933 F.2d 991, 994 (Fed.Cir.1991); *United States v. Voorhies,* 658 F.2d 710, 715 (9th Cir.1981). *See also United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976) (Internal Revenue Service enjoys presumption of official regularity).

To the extent that plaintiff suggests that he did not receive various notices and demands

that the IRS sent, section 6303 requires the IRS only to "give notice." That statute does not require the United States to make sure that the taxpayer actually receives the notice. *See Thomas v. United States,* 755 F.2d 728, 730 (9th Cir.1985); *Chila,* 871 F.2d at 1019.

**6.** In any event, a claim for a refund would be filed on a Form 1040X for the years in question.

**7.** If the complaint is not read to be against the United States, then it must be dismissed as against the wrongfully named defendant for failure to name an indispensable party. *See, e.g., Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *see also* Fed. R.Civ.P. 19.

■ The United States, as sovereign, may be sued only to the extent to which it has consented by statute. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity cannot be implied; rather, it must be unequivocally expressed by an act of Congress. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Because plaintiff has failed to cite any waiver of immunity by the United States, plaintiff's suit is barred by the doctrine of sovereign immunity. *See also Bothke v. United States*, 670 F.Supp. 285, 287 (C.D.Cal.1987) ("the bar of sovereign immunity cannot be avoided by having officers and employees of the United States as defendants"); 28 U.S.C. § 2680(c) (Federal Tort Claims Act does not apply to any "claim arising in respect of the assessment or collection of any tax").

Plaintiff cites 28 U.S.C. § 1331, as the jurisdictional basis for this action. It provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." However, section 1331 does not waive sovereign immunity; it merely gives the district courts jurisdiction to hear federal claims that are not otherwise barred. *See Donohue v. United States*, 437 F.Supp. 836, 841 (E.D.Mich. 1977); *see also Lonsdale v. United States*, 919 F.2d 1440 (10th Cir.1990); *Arvanis v. Noslo Eng'g*, 739 F.2d 1287, 1290 (7th Cir. 1984); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Accordingly, plaintiff's claims are barred by the doctrine of sovereign immunity.

## II. ANTI–INJUNCTION ACT

■ Plaintiff's request that the United States be enjoined from levying on plaintiff's wages or pursuing any other collection activities is precluded by the Anti–Injunction Act, 26 U.S.C. § 7421. Section 7421 provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any Court...." [8] This statute protects the government's revenue collection process from interference and disruption. *Enochs*, 370 U.S. at 6–7, 82 S.Ct. at 1129; *Bilbo v. United States*, 633 F.2d 1137, 1139 (5th Cir.1981); *In re Carlson*, 580 F.2d 1365, 1369 (10th Cir.1978).

The Anti–Injunction Act includes judicial action as part of the interference protected against. *Alexander v. "Americans United," Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974). Plaintiff requests that this court enjoin the United States from collecting taxes, which it is owed; however, the Anti–Injunction Act bars this court from granting injunctive relief. *See Griffith v. Commissioner*, 598 F.Supp. 405, 406 (N.D. Ohio 1983) ("The purpose of the Anti–Injunction Act is to give the United States a free hand in assessing and collecting taxes without interference by the courts and to limit determination of disputed sums to suit for refund."); *see also Martinon v. Fitzgerald*, 306 F.Supp. 922, 924 (S.D.N.Y.1968) (section 7421(a) withdraws from federal courts the jurisdiction to enjoin collection of federal taxes), *aff'd*, 418 F.2d 1336 (2d Cir.1969). Therefore, plaintiff's complaint must be

---

**8.** As a judicial exception to the Anti–Injunction Act, an injunction may be granted if the plaintiff can show that: (1) under the most liberal view of the facts and law, the government cannot prevail on the merits, and (2) special circumstances indicate that the plaintiff does not have an adequate remedy at law. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The burden of producing evidence is with the taxpayer. *See Commissioner v. Shapiro*, 424 U.S. 614, 628 n. 10, 96 S.Ct. 1062, 1071 n. 10, 47 L.Ed.2d 278 (1976).

In the instant case, plaintiff does not address the first element, the merits of the government's case. He merely asserts that he does not owe taxes. Complaint at 8. Thus, the first element is not satisfied. Also, the second element is not clearly addressed. Plaintiff acknowledges that he can file a claim for a refund. Complaint at 4. Thus, plaintiff's remedy is a suit for refund if a properly filed claim for refund is denied. Therefore, plaintiff cannot establish the second element of *Enochs*. Absent these two elements, the *Enochs* exception does not apply.

dismissed for failure to state a claim upon which relief can be granted.

## III. FAILURE TO FILE A CLAIM FOR REFUND

In suits for tax refunds, the United States has consented to be sued, but only when the taxpayer follows the conditions set forth in I.R.C. § 7422(a). The section provides that "[n]o suit or proceeding shall be maintained in any c u. ^or the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." In turn, Treas.Reg. § 301.6402–2(b)(1), provides the following:

No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claims must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

In addition, Treas.Reg. § 301.6402–2(d), requires that a taxpayer file a separate claim covering each tax period for which the taxpayer requests a refund.

■ Pursuant to these provisions, the filing of a timely claim for refund is a jurisdictional prerequisite to the filing of suit for refund. *See, e.g., United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931); *Mallette Bros. Constr. Co. v. United States*, 695 F.2d 145, 155 (5th Cir.1983); *see also Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 862 (4th Cir.1990);

*Little People's School, Inc. v. United States*, 842 F.2d 570, 573 (1st Cir.1988) (" 'No Suit' means no suit."). Courts have recognized that the government may insist upon literal compliance with the statute and regulation. *See Tucker v. Alexander*, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927); *Bel v. United States*, 452 F.2d 683, 695 (5th Cir.1971), *cert. denied*, 406 U.S. 919, 92 S.Ct. 1770, 32 L.Ed.2d 118 (1972).

Plaintiff has not filed a claim for refund for 1985 or 1986 federal income taxes. *See* defendant's ex. 4. Thus, plaintiff has not fulfilled the requirements of I.R.C. § 7422. Without a filed claim, the jurisdictional prerequisites to suit have not been met; and plaintiff's claim must be dismissed.

## IV. FAILURE TO PAY THE FULL TAX ASSESSMENT

■ In *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court held that a federal district court may not entertain a tax refund suit for a given year until the taxpayer has paid fully the taxes and penalties assessed for that year. The IRS assessed plaintiff $7,481 for 1986, excluding statutory interest and penalties. Defendant's ex. 2. As of November 25, 1991, plaintiff had paid a total of only $7,160.80. *Id.* Because plaintiff has not paid in full the amount assessed for 1986, for this additional reason, this court lacks subject matter jurisdiction over plaintiff's complaint for that year. Thus, plaintiff's claim for a refund of monies for 1986 will be dismissed on this additional ground.

## V. VARIOUS TORT CLAIMS

■ Plaintiff alleges that the district director acted unconstitutionally. Complaint at 1 and 3. Generally, a federal official is not subject to civil suits based upon tortious actions taken in his official capacity. *Howard v. Lyons*, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959); *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a plaintiff may obtain damages resulting from constitutional

**1046**

violations on the part of a federal official. In the instant action, plaintiff alleges no facts to indicate that the district director acted outside the scope of his official duties in a way which violated plaintiff's constitutional rights. Throughout the complaint and in his correspondence, plaintiff refers only to the director's failure to act on plaintiff's requests. *See* Complaint at 14. Absent a showing that the district director acted beyond the scope of his official capacity, plaintiff has not stated a valid cause of action in tort against the IRS defendant. *See Bothke v. United States,* 670 F.Supp. 285, 287 (C.D.Cal.1987). Therefore, this court lacks jurisdiction to hear a claim based in tort.[9]

### VI. PLAINTIFF IS SUBJECT TO FEDERAL TAX LAWS

Throughout his complaint, plaintiff questions whether he is subject to the actions of agents of the IRS, who are not citizens of Michigan. *See, e.g.,* Complaint at 7. This argument, along with similar arguments advanced by plaintiff, lacks any merit. Plaintiff admits to being a citizen of Michigan. Complaint at 2. Thus, there is no question that he is subject to the tax laws of the United States. *See, e.g., United States v. Price,* 798 F.2d 111, 113 (5th Cir.1986) ("The citizens of Texas are subject to the Federal Tax Code.").

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the government's January 6, 1992 motion to dismiss is GRANTED.

---

**9.** Assuming, *arguendo,* that the instant complaint is interpreted to properly state a tortious cause of action, the IRS defendant would be entitled to immunity from suit, and this motion to dismiss would be granted for failure to state a claim upon which relief can be granted. *See Granger v. Marek,* 583 F.2d 781 (6th Cir.1978). In *Granger,* the court reasoned that no official is immune if he performs discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority. Once an official is found to be exercising this kind of discretion, the act

complained of must be within the outer perimeter of the official's line of duty before the official will be granted immunity. *Id.* at 785. Based upon the plaintiff's allegations in the instant case, there is no question that the actions complained of fell within the scope of the district director's duties. *See also Harlow v. Fitzgerald,* 457 U.S. 800, 806, 817–19, 102 S.Ct. 2727, 2737–39, 73 L.Ed.2d 396 (1982); *Queen v. T.V.A.,* 689 F.2d 80, 84 (6th Cir.1982), *cert. denied,* 460 U.S. 1082, 103 S.Ct. 1770, 76 L.Ed.2d 344 (1983).