**Juan A. RODRIGUEZ, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**No. 94–CV–2139.**

United States District Court, E.D. Pennsylvania.

Feb. 17, 1995.

Juan A. Rodriguez, pro se.

Brian Carroll, Asst. U.S. Atty., U.S. Dept. of Justice, Philadelphia, PA, for defendants.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

We address today the Motion for Summary Judgment filed by Defendants in this case arising out of a disputed plea bargain agreement. The pro se plaintiff, Juan Rodriguez, has named as defendants the "F.B.I. of Phila." as well as several individual agents of the Federal Bureau of Investigation ("FBI"), including Special Agent in Charge Robert C. Reutter, and Special Agents Wilbert V. Marsh, Edward Sims, Jerome Peters, and Joaquin Garcia, as well as Supervisor Paul Allen, Squad No. 3 (collectively, "Defendants"). Defendants seek an order (1) dismissing them from the case and substituting them with United States as the sole defendant; (2) dismissing, or in the alternative, transferring to the United States Court of Federal Claims, Mr. Rodriguez's claim on the basis that this Court lacks subject matter jurisdiction over this dispute; and (3) dismissing Mr. Rodriguez's demand for a new identity, relocation and protection. For the reasons that follow, Defendants' motion will be granted in part.

## I. BACKGROUND

This dispute arises out of a plea agreement signed by Mr. Rodriguez. Pursuant to the agreement, Mr. Rodriguez agreed to plead guilty to a narcotics charge. Further, plaintiff agreed to provide "substantial assistance" with the investigation and prosecution of persons involved in drug trafficking. If he provided such "substantial assistance," according to the plea agreement, the Government would file a motion with the sentencing judge stating Mr. Rodriguez had cooperated. The plea agreement also provided that the FBI would sponsor the application of Mr. Rodri-

guez and his family into the Witness Security Plan.

In April of 1994, Mr. Rodriguez filed a complaint alleging that Defendants told him that he would receive up to 25% of the money and property seized as a result of his cooperation, and that he would be provided with a new identity, relocation, and protection.[1] The parties agree that the claim is one sounding in contract, in which Mr. Rodriguez seeks monetary and specific relief for the alleged failure to honor these promises. In support of their summary judgment motion, Defendants first argue that the United States should substitute the named defendants and become the sole defendant in this case. Defendants further contend that the United States Court of Federal Claims has exclusive jurisdiction over Mr. Rodriguez's claim, in that it is a contract claim against the United States in which at least $10,000 is at issue. Finally, Defendants contend that since they are standing by to enroll him in the Witness Protection Plan, Mr. Rodriguez's request for a new identity, relocation and protection should be dismissed as moot.

## II. *DISCUSSION*

### A. *The Summary Judgment Standard*

■ This Court is authorized to award summary judgment "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the Court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (cit-

ing *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2510). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Boiled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### B. *The United States as Sole Defendant*

■ In general, a suit filed against a defendant in his official capacity will be deemed a claim against the United States as long as any judgment would operate against the government. *Gettysburg Battlefield Preservation Ass'n v. Gettysburg College*, 799 F.Supp. 1571, 1582 (M.D.Pa.1992) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1052, 10 L.Ed.2d 191 (1963)), *aff'd without op.*, 989 F.2d 487 (3d Cir.1993); *Nassar v. United States*, 792 F.Supp. 1040, 1043 (E.D.Mich. 1992) (citing *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)). A judgment will be construed as operating against the government "when it would affect the government's fiscal, proprietary, or programmatic interests or interfere with public administration." *Gettysburg Battlefield*, 799 F.Supp. at 1582.

■ Turning to the instant case, it is clear that Defendants have been sued in their official capacities. The caption on the complaint lists each defendant by his official title. Further, the events giving rise to the complaint involve promises allegedly made by Defendants in the course of their employment by the government. Moreover, satisfaction of the claims would result in payment from the federal treasury of the monies to which Mr. Rodriguez claims entitlement, as well as Mr. Rodriguez's enrollment in the Witness Pro-

---

1. Plaintiff's Complaint, in its entirety, states:

   For six years I worked with the F.B.I. undercover to help them arrest over 100 major drug dealers from Puerto Rico, New York, Miami, Philadelphia, Los Angles [sic], New Jersey. The

   F.B.I. agents told me that I would get up to 25% of money, property seized. They also said that they would give me the following …—New Identity—Relocation [illegible]—Protection They have not complied with any of the above. I want justice to be done!

tection Plan. Both forms of relief would obviously affect the government's fiscal and proprietary interests. Accordingly, we conclude that the federal government is the real party in interest in the matter, and therefore construe this action to be one filed against the United States. As a result, we will dismiss the named defendants and substitute them with the United States as the sole defendant.

### C. Sovereign Immunity and the Tucker Act

█ In cases where the United States is the real party in interest, the doctrine of sovereign immunity applies unless Congress has waived immunity through the passage of a statute authorizing such actions. *Id.* The relevant statute for present purposes is the Tucker Act, codified at 28 U.S.C. §§ 1346 and 1491.[2] Pursuant to the Tucker Act, therefore, the Court of Federal Claims is empowered with jurisdiction over non-tort claims against the United States. The Court of Federal Claims's jurisdiction is concurrent with that of the district courts for claims under $10,000. For claims in which more than $10,000 is at issue,[3] however, courts have interpreted the Tucker Act to provide for the exclusive jurisdiction of the Court of Federal Claims. *Dia Navigation Co. v. Pomeroy*, 34 F.3d 1255, 1267 (3d Cir.1994); *Hahn v. United States*, 757 F.2d 581, 586 (3d Cir.1985) ("It is uniformly held that, for claims exceeding $10,000, the Tucker Act vests *exclusive* jurisdiction in the Claims Court.").

█ Thus, since the complaint purports to state a contract claim against the United States, this Court may not properly exercise jurisdiction over the subject matter if it concludes that the amount at issue exceeds $10,-000. Upon inspection of the complaint, we note that Mr. Rodriguez alleges that he is entitled to "up to 25% of money, property seized." In his deposition testimony, Mr. Rodriguez states that his cooperation led to the seizure of over $3,000,000 in assets, and that he is entitled to $250,000. This amount clearly exceeds the jurisdictional limit. Accordingly, this Court lacks subject matter jurisdiction over the instant dispute.[4]

█ Once a district court concludes that it lacks jurisdiction over the subject matter, it may, in the interests of justice, transfer the action to an appropriate court. 28 U.S.C. § 1631 provides, in pertinent part, as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.

28 U.S.C. § 1631 (1994). Accordingly, this action will be transferred to the Court of Federal Claims.

### III. CONCLUSION

Because we have concluded that Plaintiff's complaint purports to state a contract claim against the United States, we must dismiss with prejudice the claim against the named defendants and substitute them with the United States as the sole defendant. Further, we have concluded that this Court lacks subject matter jurisdiction over the claim,

---

**2.** 28 U.S.C. § 1491(a)(1) (1994) provides, in pertinent part, as follows:

> (a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States....

**3.** 28 U.S.C. § 1346(a)(1) (1993) provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of

> (1) ...
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States....

**4.** In light of this conclusion, we decline to address the issue, raised by Defendants, of whether Mr. Rodriguez's demand for a new identity, relocation and protection is moot.

**710**

and so we shall transfer the action to the Court of Federal Claims.

An appropriate order follows.

### ORDER

AND NOW, this 17th day of February, 1995, upon consideration of Defendants' Motion for Summary Judgment, and the response thereto, it is hereby ORDERED, for reasons set forth in the preceding memorandum, that said Motion is GRANTED IN PART as follows:

1. The claims against the named defendants are hereby DISMISSED with PREJUDICE and the United States is now the sole defendant in this action; and

2. This matter is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1631, to the Court of Federal Claims.