**Richard J. LIVINGSTON and Chantiva Livingston, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV 91–0001 S MJC.**

United States District Court, D. Idaho.

Feb. 6, 1992.

Thomas G. Walker, Jr., Boise, Idaho, for plaintiffs.

Maurice O. Ellsworth, U.S. Atty., D. Idaho, Boise, Idaho, Thomas Moore, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION.

CALLISTER, Senior District Judge.

The Court has before it cross-motions for summary judgment. The motions are fully briefed and at issue. Counsel have informed the Court that they desire to waive oral argument, and request the Court to

rule on the pleadings submitted. The Court will resolve the motions after reviewing the background of this litigation.

The plaintiffs, Richard and Chantiva Livingston, entered into a partnership in 1985 with Thomas and Sumalee Sharp to operate the Gold Rush Inn in Mountain Home, Idaho. There is no dispute that the partnership failed to pay over certain federal employment-related taxes in 1986 and 1987. Plaintiffs assert that in 1987, the Internal Revenue Service (IRS) collected $13,041.43 in funds belonging to the plaintiffs from a real estate closing escrow, and applied these funds to the employment taxes owed by the Gold Rush Inn partnership. Plaintiffs further allege that the IRS confiscated an additional $9,367.93 that was likewise applied to the tax deficiency.

On September 20, 1989, the plaintiffs filed a refund claim with the IRS. When that claim was denied on February 14, 1990, the plaintiffs filed this suit seeking $22,409.35 and a ruling that the plaintiffs are not responsible for the partnership's unpaid employment taxes. Both sides have now filed motions for summary judgment. The Court must determine whether there exist any genuine issues of material fact. See Fed.R.Civ.P. 56(c).

The issue here is whether the plaintiffs are liable for their partnership's tax deficiency simply because the plaintiffs were partners, or whether the IRS must go further and establish that the plaintiffs were the partners with the responsibility for remitting the taxes. While state law appears to make partners liable simply because they are partners, there is a federal statute requiring a finding that the partner be "responsible" for remitting the taxes. To resolve what might appear to be a conflict, the Court will discuss first the state law, and then address the federal statute and its relationship to state law.

It is undisputed that plaintiffs were partners in a partnership that owes employment-related taxes. The Ninth Circuit has held that partners are "liable for the debts and liabilities of the partnership, including its tax liability ... until the taxes are paid or otherwise discharged...." *Young v. Riddell*, 283 F.2d 909, 910–11 (9th Cir. 1960). Because there is no specific reference in the IRS Code to the liability of partners as individuals for partnership tax obligations, the Circuit in *Young* must have been relying on state law establishing the joint and several liability of partners. Such liability is commonly found in state codes across the country, and is usually adopted from the Uniform Partnership Act. Idaho has a similar provision in Idaho Code § 53–315 which states:

All partners are liable: (1) Jointly and severally for everything chargeable to the partnership ...; [and] (2) [j]ointly for all other debts and obligations of the partnership....

This reference to state law to establish the individual liability of partners for the deficient taxes of the partnership has been adopted by other courts. *United States v. Hays*, 877 F.2d 843, 844 at n. 3 (10th Cir. 1989) ("Courts have assumed that the liability of a general partner for the tax obligations of the partnership is determined by state law rather than federal law."); *Calvey v. United States*, 448 F.2d 177, 180 (6th Cir.1971) ("[T]he Federal Revenue Code makes no specific reference to the liability of partners as individuals [for partnership tax obligations].... The governing law pertaining to the instant case is represented by two sections of the Uniform Partnership Act adopted by Michigan in 1922....").

But as alluded to earlier, this state-law imposition of liability on partners is not the last word on the subject. There is also a federal statute—26 U.S.C. § 6672—that appears to impose the same individual liability but only after a more stringent test has been met. That statute provides that a person responsible for remitting the federal employment taxes may be individually liable if he fails to satisfy his duty.[1] Indi-

---

1. 26 U.S.C. § 6672(a) reads as follows:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to

vidual liability under § 6672 requires a finding that the individual was "responsible" for remitting the taxes.

The plaintiffs have submitted evidence indicating that their co-partners, the Sharps, were responsible for remitting the taxes, and that the plaintiffs had no managerial authority. The IRS responds that it is not using § 6672 as a defense, but is instead relying on 26 U.S.C. § 3403[2] and state law to hold plaintiffs liable. The IRS asserts that the partnership, as the employer, is liable for the taxes under § 3403, and state law makes the individual partners liable for partnership obligations regardless of responsibility or managerial authority.

■ The plaintiffs assert, however, that § 6672 sets forth the exclusive test for determining the individual liability of partners for the failure to remit employment-related taxes. The plaintiffs argue that this federal statute preempts state laws holding that partners are generally liable for the partnership debts. In essence, the plaintiffs' argument is that the Government must prove that the plaintiffs are "responsible persons" under § 6672 to impose personal liability on the plaintiffs.

The Code gives the IRS two options to collect deficient employment-related taxes. The IRS could sue either the entity/employer (corporation, partnership, etc.) under § 3403 or the individual responsible for remitting those taxes under § 6672. *United States v. Huckabee Auto Company*, 783 F.2d 1546 (11th Cir.1986). While the IRS could pursue either the entity or the individual, its policy is to collect only once. *Id.* at 1548. This scheme makes perfect sense in a corporate setting, especially where the delinquent corporation is a shell and the individual officers responsible for remitting the taxes have assets. An IRS suit against the corporation under § 3403 would be a waste of time and would not expose the

individual officers to liability. That is the classic case where § 6672 comes into play to allow the IRS to collect the delinquent taxes from the officers who failed in their duty to remit the taxes over to the Government.

When partnerships are involved, however, the bright line between § 3403 and § 6672 blurs somewhat. If the IRS successfully pursues a partnership under § 3403, state law provisions making individual partners liable for partnership debt will mean that the partners are individually liable for the delinquent taxes. Thus, the IRS has exposed the partners to individual liability without being required to meet the more stringent standard of § 6672 requiring that the partners be shown to be persons responsible for remitting the taxes. The question arises: Did Congress intend § 6672 to preempt state laws and to require the IRS in every circumstance to prove that a partner is a "responsible person" before exposing that partner to individual liability? Asking the same question in a slightly different way, is § 6672 rendered superfluous in partnership cases because § 3403 is an easier route to the same goal?

It is well-established that the words of a statute are to be given meaning and not regarded as mere surplusage. In this regard it is important to note that § 6672 applies to far more than just partnerships, and in fact extends well beyond even the employer/employee relationship:

> When § 6672 was enacted, its sweep was deliberately widened and generalized so that it embraced every one of the infinite variety of taxable situations encompassed by Title 26 in which some individual or entity was placed under a duty to collect and remit a tax to the Government.

*Regan & Co. v. United States*, 290 F.Supp. 470, 480 (E.D.N.Y.1968).

---

evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

**2.** 26 U.S.C. § 3403 reads as follows:

*Liability for tax:* The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

The application of § 6672 to partnerships is just one of a myriad of applications of that statute. If the IRS started using § 3403 exclusively when partnerships were involved, § 6672 would certainly gather no dust: Its wide applicability would ensure its vibrancy. Even more important, it is easy to conceive of situations where state law might provide no individual liability for a partner under certain circumstances, and thus § 6672 would be the only means of recouping the taxes. This is the "backstop" or "catch-all" function that Congress envisioned for § 6672:

> The legislative history of these provisions leads to the conclusion that § 6672 is a catch-all provision, applicable to a multitude of various code provisions, thus explaining its overlap with § 3401. It is not, as plaintiffs suggest, specifically designed to provide the only means by which an individual may be assessed for taxes owed by a defunct corporation, partnership, etc.

*Baily v. United States*, 355 F.Supp. 325, 330 (E.D.Pa.1973).

Taxes withheld from the wages of employees constitute a special fund held in trust for the benefit of the United States. *Howard v. United States*, 711 F.2d 729 (5th Cir.1983). The whole intent behind § 6672 is to facilitate, not restrict, the collection of these important trust fund taxes: "The primary purpose of this section is the protection of government revenue." *United States v. Huckabee, supra*, at 1548. Two other courts have examined directly the question whether § 6672 sets the exclusive standard for establishing the individual liability of partners, and both courts concluded that § 6672 was not exclusive but was intended to be used together with § 3403 and state law. *Baily v. United States, supra*, at 330; *In re Ross*, 122 B.R. 462 (Bkrtcy.M.D.Fla.1990). Given these circumstances, this Court finds that Congress did not intend to preempt state laws and make the collection of these taxes more difficult. *See California v. Arc America Corp.*, 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989).

■ The plaintiffs argue next that they are not "employers" under 26 U.S.C. § 3401(d). But the partnership itself is clearly an "employer." 26 C.F.R. § 31.-401(d)–1(c). That is all that is needed. *Buckley v. United States*, 76–1 U.S.T.C. ¶ 9473 (W.D.Texas 1976).

■ Plaintiffs also complain that no assessment was made against them individually as partners, but the assessment was only made against the partnership. Plaintiffs cite no authority indicating that such an assessment is insufficient. In the face of the absence of such authority, the Court finds that the assessment is sufficient.

Finally, the plaintiffs argue that the Government is estopped from asserting that § 6672 is not the exclusive means for the IRS to recover its tax. Plaintiffs assert that the IRS never revealed until February 14, 1990, that it was proceeding under § 3403 instead of § 6672. Plaintiffs' counsel has filed his own affidavit alleging that on numerous occasions prior to February 14, 1990, he had conversations with IRS officials concerning the liability of the plaintiffs and that these officials never once mentioned that liability could be imposed under a section other than § 6672.

■ In the Ninth Circuit, estoppel will apply against the Government "where justice and fair play require it." *Watkins v. United States*, 875 F.2d 699, 706 (9th Cir. 1989) (en banc). In addition, the plaintiffs must establish affirmative misconduct by the Government. *Id.* at 707. Mere negligence is not enough. *Id.* at 707.

■ Accepting plaintiffs' allegations as true, the IRS failed to advise plaintiffs of all the legal theories upon which the IRS intended to rely until February 14, 1990, a date well in advance of the present round of motions. The plaintiffs fully briefed the § 3403 issue, and make no claim that their argument was impaired in any way by delay or concealment on the part of the IRS. The plaintiffs have not established any prejudice from the Government's conduct. The Court therefore can find no merit in the plaintiffs' estoppel claim.

In sum, the Court finds that it will grant the motion for summary judgment filed by the Government and deny the motion for summary judgment filed by the plaintiffs.

The Court notes also that the Government has filed a motion to file a sur-reply memorandum. The plaintiffs have objected to the filing of the memorandum and have moved to strike it. The Court finds that there is no need for the sur-reply memorandum and will therefore deny the Government's motion for filing and will grant the plaintiffs' motion to strike.

### JUDGMENT

The Court has examined the entire record concerning the cross-motions for summary judgment. In accordance with the views expressed in the memorandum decision accompanying this judgment,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion for summary judgment filed by the defendant United States be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for summary judgment filed by the plaintiffs be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Government's motion for consideration of sur-reply memorandum be, and the same is hereby, DENIED, and plaintiffs' motion to strike be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant United States shall have judgment against the plaintiffs for its costs incurred herein, to be determined by the Clerk of Court after proper submission of cost bills.