In re John NORTON and
Lois Norton, Debtors.

John NORTON and Lois
Norton, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Bankruptcy No. 92–03812.
Adv. No. 93–6050.

United States Bankruptcy Court,
D. Idaho.

July 14, 1993.

Richard Vance, Pocatello, ID, for plaintiffs.

Richard R. Ward, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

Before the Court is the Motion for Summary Judgment filed by Defendant United States of America. After a review of the record and briefing, there are no genuine issues of material fact, only questions of law, and therefore summary judgment is appropriate. F.R.B.P. 7056.

*FACTS.*

The material facts viewed in a light most favorable to Plaintiffs can be stated briefly. Plaintiff Debtor John Norton was a general partner of Best Care and Associates (hereinafter "Best Care"), a Utah partnership. Best Care failed to pay in full its federal withholding taxes for certain tax periods occurring between June 30, 1985 and September 30, 1990. These tax liabilities, including accrued interest, penalties and statutory additions allegedly totaled $555,646.37 [1] as of the date of Plaintiffs' bankruptcy petition. Plaintiff was a general partner during these periods. The Defendant filed a proof of claim for this amount in Plaintiffs' bankruptcy case.

Plaintiff and the managing general partner of Best Care, Michael Daskalas, entered into an agreement whereby Daskalas was given sole authority and responsibility regarding payroll and withholding taxes. In addition, Plaintiff was wrongfully precluded from being present on the Best Care premises from the spring of 1990 until the present. Bestcare and Associates filed for Chapter 11 relief in the District of Utah on February 4, 1988.[2] Plaintiffs filed for Chapter 11 relief in this Court on December 4, 1992.

Plaintiffs brought the present adversary proceeding seeking several forms of alternative relief: (1) for a declaration that the Plaintiffs are not liable for the debts; (2) that if it is determined that they are liable for the debts, that said taxes should be dischargeable in their bankruptcy case; and (3) that if it is determined that Plaintiffs are liable and the debts are non-dis-

---

1. Defendant submitted Internal Revenue Service Form 4340 "Certificate of Assessments and Pay Rents" as to the amount of taxes owed by Best Care. These certificates are presumed accurate, *see Hughes v. U.S.,* 953 F.2d 531, 540 (9th Cir. 1992), and Plaintiff has tendered no adequate proof to the contrary in response to the summary judgment motion.

2. Plaintiff argues that Section 723 of the Code mandates that the trustee of the Best Care bankruptcy must first seek recovery of any deficiency against Daskalas since he is not a debtor in a case under this title. However, this argument is misplaced as Best Care filed under Chapter 11 to which Section 723 is not applicable.

chargeable, that the Plaintiffs should be held secondarily liable and the Defendant should be compelled to recover from the managing general partner of Best Care, Daskalas, before executing upon Plaintiffs' assets.

*DISCUSSION.*

The United States District Court for the District of Idaho recently visited the issue of partner liability for withholding tax obligations in *Livingston v. U.S.*, 793 F.Supp. 251 (D.Idaho 1992). The court was faced with the issue of whether the individual partners of a partnership are liable for their partnership's tax deficiency simply because they are partners, or whether the IRS must go further and establish that the individual partners have the specific responsibility for remitting the taxes. The court determined that 26 U.S.C. § 3403[3] in conjunction with Idaho Code § 53–315[4] compels a holding that partners are liable for the unpaid taxes simply because they are partners. *Livingston*, 793 F.Supp. at 252–54.

■ Utah has adopted a provision almost identical to I.C. § 53–315 in Utah Code § 48–1–12 which states:

All partners are liable:

(1) Jointly and severally for everything chargeable to the partnership ...; [and]

(2) Jointly for all other debts and obligations of the partnership; ...

This Court concurs with the results and conclusions in *Livingston* and finds that the same analysis applies to Utah state law. Plaintiffs do not dispute that at all relevant times John Norton was a general partner in the partnership. Accordingly, Plaintiffs are personally liable for the unpaid withholding taxes of Best Care.

■ Having determined that Plaintiffs are liable for the debt, is the debt dischargeable in their bankruptcy case? The clear answer is no.

Section 523 contains the list of those debts that are nondischargeable.[5] Such debts include those taxes given priority under Section 507(a)(7) which provides:

(a) The following expenses and claims have priority in the following order: ...

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for— ...

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity ...

11 U.S.C. § 507(a)(7). These debts, including the debt at issue here, are commonly referred to as "trust fund" tax debts. These tax obligations, as withholding taxes, are clearly nondischargeable. *See In re Shank*, 792 F.2d 829, 832–33 (9th Cir.1986); *In re Rosenow*, 715 F.2d 277, 280 (7th Cir.1983); *In re Stanmock, Inc.*, 103 B.R. 228, 229 (9th Cir.B.A.P.1989); *In re George*, 95 B.R. 718, 721 (9th Cir.B.A.P. 1989).

■ The third form of relief sought by Plaintiffs is a determination that they are only secondarily liable and that the Defendant should be compelled to execute upon the managing general partner of Best Care before executing upon Plaintiffs' assets. However, based upon the Anti–Injunction Act[6] and the Ninth Circuit case of *In re*

---

**3.** 26 U.S.C. § 3403 reads as follows:

> *Liability for tax:* The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

**4.** Idaho Code § 53–315 reads as follows:

> *All partners are liable:* (1) Jointly and severally for everything chargeable to the partnership ...; [and] (2) Jointly for all other debts and obligations of the partnership....

**5.** 11 U.S.C. § 523 provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title,
...

**6.** The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) (1982).

*American Bicycle Ass'n,* 895 F.2d 1277 (9th Cir.1990), this form of relief appears to be clearly beyond the jurisdiction of this Court. This suggestion also ignores the fact that under the Utah statute, the liability imposed upon Plaintiff as a partner is joint and several.

A separate order will be entered granting Defendant's motion for summary judgment.

## ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING ADVERSARY PROCEEDING

This matter comes before the Court upon Defendant United States of America's Motion for Summary Judgment. The Court has considered the moving and opposing papers filed by the parties and, being fully advised, for the reasons set forth in the Court's Memorandum of Decision filed herein, hereby GRANTS the Defendant United States of America's Motion for Summary Judgment, and this adversary proceeding is hereby DISMISSED.