**In re Claire Bodner MIRA, Debtor.**

**Claire Bodner Mira, Movant,**

**v.**

**United States of America, Internal Revenue Service; John Mira, Respondents.**

**Bankruptcy No. 1–95–00376.**

United States Bankruptcy Court, M.D. Pennsylvania, Harrisburg Division.

July 16, 1999.

---

Dorothy L. Mott, Harrisburg, PA, for Debtor.

Charles J. Dehart III, Hummelstown, PA, Trustee.

## MOTION TO DETERMINE TAX LIABILITY UNDER 11 U.S.C. SECTION 505(b) AND SECTION 105

ROBERT J. WOODSIDE, Chief Judge.

### MEMORANDUM

### PROCEDURAL HISTORY

Claire B. Mira (hereinafter Movant) filed a Chapter 13 petition on March 1, 1995. On May 15, the Internal Revenue Service (hereinafter IRS) filed an initial proof of claim, which has since been amended twice. This proof of claim was for joint federal income tax and employer withholding tax obligations incurred by Movant and her estranged spouse, John Mira (hereinafter Respondent). Movant filed an amended Chapter 13 plan on September 9, 1997, which was objected to by the IRS. A hearing was held on December 16, 1997, at which the Movant requested that the IRS calculate her individual tax liability and treat the remainder as the liability of her estranged husband. After the IRS rejected this request, the Movant filed a Motion to Determine Tax Liability under 11 U.S.C. §§ 505(b) and 105 on July 2, 1998. This Court heard oral testimony on the motion on December 9, 1998, and is ready to make a decision.

### FACTUAL BACKGROUND

Movant, Claire Bodner Mira, MSW, and her estranged spouse, Respondent John Mira, M.D., operated a mental/physical health practice in Camp Hill. Movant and Respondent had individual clients that were sometimes cross-referred to each other. The business operated as a partnership and was located in one office suite. A number of employees were shared between the Movant and Respondent and there was one joint account for the practice. Both Movant and Respondent had access to this joint account. Other business decisions were made jointly between Movant and Respondent.

Although Movant had authority to write checks out of the joint business account and out of their joint personal account, Respondent handled the majority of the finances. He supervised the accounting for both the business and personal finances and also produced the tax returns for these finances. Movant reviewed the returns before they were mailed.

After Movant and Respondent separated in 1994, Movant left the joint practice. It was after this time that Movant learned that their joint income taxes for 1990, 1992, and 1993 were unpaid. The Movant also discovered that trust fund taxes for unremitted withholding taxes for 1992 and the first quarter of 1993 were unpaid. The total amount owed to the IRS was $57,083.93.

Movant claims that the unpaid trust fund taxes owed to the IRS should be discharged as to herself because she is not a "responsible party" as defined by Internal Revenue Code § 6672(a). Movant also claims that she is entitled to equitable relief as to these income tax liabilities because she is an "innocent spouse" in accordance with Internal Revenue Code § 6015(f). Respondent I.R.S. argues that Movant's Motion to Determine Tax Liability should be dismissed because the defenses argued by the Movant are inapplicable and that the Movant is jointly and severally liable for the income and withholding tax liabilities. Thus, the issues before the Court are: whether this Court has the authority to grant equitable relief from joint and several liability pursuant to 26 U.S.C. § 6015(f); whether Movant is a "responsible party" pursuant to 26 U.S.C. § 6672; and whether this classification applies to the ability of this Court to grant a discharge of this tax liability to the Movant.

### DISCUSSION

■ The Movant asks this Court for a binding determination of what portion of the delinquent taxes owed to the IRS are her responsibility to pay. Movant claims that this Court has authority to make such

a determination under 11 U.S.C.A. § 505(b), which states:

A trustee may request a determination of any unpaid liability of the estate for any tax *incurred during the administration of the case* by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. (emphasis added)

The Movant's request has a fundamental flaw. A plain reading of § 505(b) allows courts to determine tax liabilities that arise during the administration of a case, not before the case begins. Movant occurred her tax liabilities between 1990 to 1993, but filed bankruptcy in 1995. The tax liability that the Movant is disputing arose before she filed her bankruptcy petition. Therefore, the tax liability cannot be determined by this Court because § 505(b) does not grant the Court authority to do so.

Neither party makes any mention of § 505(a)(1), which allows the courts to "... determine the amount or legality of any tax, any fine or penalty relating to a tax ..." Nevertheless, the Court will consider its jurisdiction under this statute to hear the arguments of the case and render a decision.

### Equitable Relief

■ Equitable relief from joint and several liability on joint tax returns is provided by 26 U.S.C. § 6015(f), which states:

Equitable relief.—Under procedures prescribed by the Secretary, if—

(1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

(2) relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability.

Although this law did not go into effect until 1998, it is applicable to this case because the provisions of this law "shall apply to ... any liability for tax arising on or before such date but remaining unpaid as of such date." Act of July 22, 1998, Pub.L. No. 105–206, § 3201(g), 112 Stat. 685, 740 (1998).

The Secretary [of the Treasury] has the authority to prescribe the procedures to grant equitable relief under § 6015. The Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, provides the framework for determining when a court may review a decision of an agency. *Horton Homes, Inc. v. U.S.*, 936 F.2d 548, 550 (11th Cir.1991). Section 701(a) states:

This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

It is through subsection (2) that Respondent IRS is arguing that this Court does not have the power to review the IRS's decision concerning the Movant's liability for income and withholding taxes.

An example of a case where agency action was committed to agency discretion by law is *Ashton v. Pierce*, 716 F.2d 56 (1983). *Ashton* concerned a group of residents in public housing that brought a class action against officials of HUD challenging certain aspects of HUD's implementation of the Lead–Based Paint Poisoning Prevention Act. This act authorized HUD to prohibit the use of lead-based paint in federally owned or federally assisted housing. In 1973 Congress strengthened and broadened the Act by adding section 302, which provides:

The Secretary of Housing and Urban Development ... shall establish procedures to eliminate as far a practicable the hazards of lead based paint poisoning with respect to any existing housing which may present such hazards and which is covered ... under a program administered by the Secretary ... Such

procedures may apply to housing constructed during or after 1950 if the Secretary determines, *in his discretion,* that such housing presents hazards of lead based paint. The Secretary *may* establish such other procedures as may be appropriate to carry out the purposes of this section. (emphasis added).

Act of Nov. 9, 1973, Pub.L. No. 93–151, sec. 4, § 302, 87 Stat. 565, 566 (codified at 42 U.S.C. § 4822 (1976)).

In determining whether the Secretary had a duty to make a specific finding regarding the lead based paint hazards present in post–1949 housing, the court held that the Secretary's failure to do so was not reviewable. The reasoning for this was that the plain language of the statute did not command the Secretary to make such a finding. The Secretary's decisions were "committed to agency discretion by law," as per 5 U.S.C. § 701(a)(2) (1976), and thus was beyond the court's power to review. 716 F.2d at 65.

■ The statute cited in this case is similar in construction to the statute cited in *Ashton.* For equitable relief to be granted under 26 U.S.C. § 6015(f)(2), the Secretary *may* relieve such individual of liability. This relief is not mandatory, but it is in the discretion of the Secretary to do so. Although this statute does not specifically say ". . . in his [the Secretary's] discretion . . . ," as does the statute in *Ashton,* these words are not required. Had Congress substituted the word "shall" instead of "may" in § 6015(f), there would be no agency discretion. However, by using the word "may," Congress has granted the Secretary discretion to provide relief. Thus, this case is similar to *Ashton* because the plain language of the statute does not command the Secretary to act. Therefore, the Secretary's decisions are "committed to agency discretion by law," as per 5 U.S.C. § 701 and are not reviewable by this Court. The Movant may not seek relief under § 6015(f) in this Court.

## Understatement of Tax

■ Movant cites 26 U.S.C. § 6014(b) as a reason why she should be granted relief from the tax liability. Section 6014(b) spells out the procedures for relief from liability applicable to all joint filers. To obtain relief under § 6014(b), one of the elements that a filer must show is that on the income tax statement there is an "understatement of tax" attributable to erroneous items of one individual filing the joint return. For purposes of § 6014(b)(3), an "understatement" is given the same meaning as in § 6662(d)(2)(A). In this sub-section, an "understatement" is the excess of—

(I) the amount of the tax required to be shown on the return for the taxable year, over

(ii) the amount of the tax imposed which is shown on the return, reduced by any rebate . . .

Under this definition, Movant has not experienced an "understatement of tax." The tax liabilities were accurately reported. Therefore, there could not have been an "understatement of tax." Rather, the taxes were not paid by Respondent Mira. This failure to pay the taxes does not fit into the definition of "understatement of tax." Respondent cannot find any relief from liability under 6014(b).

## Responsible Party

The Movant's second argument is that she is not responsible for the employee withholding taxes for the joint medical practice because she is not a "responsible party" pursuant to 26 U.S.C. § 6672. This statute provides in pertinent part: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall . . . be liable to a penalty . . ." Although § 6672 itself does not specifically mention criteria for who is a "responsible party," substantial § 6672 case law has arisen around this term.

■ Liability may be imposed pursuant to § 6672 only upon (1) a responsible person, who has (2) willfully failed to perform a duty to collect, account for, or pay over federal employment taxes withheld from employees' paychecks. *In re Brown*, 130 B.R. 456, 458 (Bkrtcy.W.D.Pa.1991) *citing George v. U.S.*, 819 F.2d 1008, 1011 (11th Cir.1987); *Mazo v. U.S.*, 591 F.2d 1151, 1153 (5th Cir.), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).

■ Under the § 6672 argument, the Movant has a strong argument that she is not a "responsible party." However, the Code gives the IRS two options to collect deficient employment-related taxes. The IRS could sue either the entity/employer (corporation, partnership, etc.) under § 3403 or the individual responsible for remitting those taxes under § 6672. *Livingston v. United States*, 793 F.Supp. 251, 253 (D.Idaho 1992) *citing United States v. Huckabee Auto Company*, 783 F.2d 1546 (11th Cir.1986).

If the IRS successfully pursues a partnership under § 3403[1], state law provisions making individual partners liable for partnership debt will mean that the partners are individually liable for the delinquent taxes. Thus, the IRS has exposed the partners to individual liability without being required to meet the more stringent standard of § 6672 requiring that the partners be shown to be persons responsible for remitting the taxes. 793 F.Supp. at 253.

Taxes withheld from the wages of employees constitute a special fund held in trust for the benefit of the United States. 793 F.Supp. at 253, *citing Howard v. United States*, 711 F.2d 729 (5th Cir.1983). The whole intent behind § 6672 is to facilitate, not restrict, the collection of these important trust fund taxes: "The primary purpose of this section is the protection of government revenue." *Id.* at 253, *quoting United States v. Huckabee, supra*, at 1548. Two other courts have examined directly the question whether § 6672 sets the exclusive standard for establishing the individual liability of partners, and both courts concluded that § 6672 was not exclusive but was intended to be used together with § 3403 and state law. *Id.* at 253, *quoting Baily v. United States*, 355 F.Supp. 325, 330; *In re Ross*, 122 B.R. 462 (Bkrtcy. M.D.Fla.1990).

■ State law imposes joint and several liability upon partners under 15 Pa.C.S.A. § 8327.[2] Under this statute, partners are liable for the partnership's liabilities. Because this liability applies to all partners, the IRS can pursue Movant for withholding tax liability under § 3403 alone. The IRS does not have to prove that the Movant is a "responsible party" under § 6672 because this statute is not needed for the IRS to pursue its debt. Because the tax due is a debt of the partnership, and the Movant is a partner of the business, the Movant is jointly and severally liable whether or not she is a "responsible party" under § 6672.

The Movant has asked this Court for relief for unpaid income taxes and employee withholding taxes. While under the circumstances the Court may feel that it is inequitable to hold Movant responsible for the unpaid income taxes, the language of 26 U.S.C. § 1615 precludes this Court from reviewing the decision of the IRS. Relief is also elusive under § 6672 because the IRS is not required to meet the requirements of this statute to hold the Movant responsible for employee withholding taxes. The IRS can pursue its claims against the Movant under § 3403 because Pennsylvania law holds partners joint and

---

**1.** 26 U.S.C. § 3403 reads as follows:

Liability for tax: The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

**2.** 15 Pa.C.S.A. § 8327 states in relevant part: All partners are liable:

(1) Jointly and severally for everything chargeable to the partnership under sections 8325 (relating to wrongful act of partner) and 8326 (relating to breach of trust by partner).

severally liable for the debts of a partnership. While this Court cannot grant the Movant tax relief under the current circumstances, this decision does not preclude Movant from pursuing damages against Respondent in state court.

An appropriate Order will follow.