**In re Ernest LEAL and Maria Leal, Debtors.**

**State Board of Equalization, an agency of the State of California, Appellant,**

**v.**

**Ernest Leal, Maria Leal, Appellees.**

**BAP Nos. CC–06–1207–MoDK.**
**Bankruptcy No. LA 04–31307 EC.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Feb. 22, 2007.

Filed March 16, 2007.

Brian D. Wesley, Office of the Attorney General, Los Angeles, CA, for State Board of Equalization.

Norman J. Kreisman, Los Angeles, CA, for Ernest and Marie Leal.

Before: MONTALI, DUNN and KLEIN, Bankruptcy Judges.

## OPINION

MONTALI, Bankruptcy Judge.

The bankruptcy court ruled that debtors Ernest and Maria Leal ("Debtors") have no personal liability for unpaid sales taxes from a retail shoe business, even assuming that they were partners in the business, because there was no evidence that they were responsible for or willfully failed to pay the sales taxes. We hold that nothing in Cal. Rev. & Tax Code section 6829[1] operates as a shield against the joint and several liability of general partners. Accordingly, we REVERSE and REMAND.

## I. FACTS

In 2002 Debtors were approached by long time acquaintances (the "Stanleys") regarding an investment opportunity in a new retail shoe store located at Rancho Mirage, California. Debtors were asked to provide what they characterize as a "loan/investment" to be repaid from future profits generated by the business. The Stanleys promised that all operational and business management would be handled by Mr. Stanley, who had experience managing retail shoe businesses. The store opened

---

1. We refer to the California Revenue and Taxation Code as the "Cal. Rev. & Tax Code" and the California Corporations Code as the "Cal. Corp.Code." The term "Chapter 7" refers to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1328 (prior to amendment by The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23, because the case from which this appeal arises was filed before its effective date, which is generally October 17, 2005).

around October of 2002 and was known as Desert Shoes.

Each of the Debtors and the Stanleys signed a lease identifying all of them collectively as the tenant doing business under the trade name of Desert Shoes. Debtor Maria Leal and Ms. Stanley signed a Business License Tax Application that was filed with the City of Rancho Mirage. Next to Debtor Maria Leal's signature in what appears to be her handwriting is the word, "co-owner."

Debtor Maria Leal alleges that she visited the Desert Shoes store approximately three times after it opened and that Debtors "invested/loaned over $50,000.00 in capital and credit for the benefit of the Stanleys" but that Debtors never were involved in any operational aspects of the business and signed no checks from its accounts. Several months after the store opened the Stanleys started avoiding contact with Debtors. Debtors eventually were told by Mr. Stanley that he had closed the store because its lease was in default.

Meanwhile, some creditors of Desert Shoes brought actions against Debtor Maria Leal as a partner of or d/b/a Desert Shoes. At least one default judgment was entered against her.

Debtors filed their voluntary Chapter 7 petition on October 6, 2004 (the "Petition Date"). Their bankruptcy Schedule E states that they have no priority debts. They do not list the State Board of Equalization, an agency of the State of California (the "SBE"), among their creditors. Nevertheless, most of their debts appear to be business debts related to Desert Shoes, their bankruptcy Schedule G lists the Desert Shoes lease, and their Statement of Financial Affairs, item 18, lists Desert

Shoes as a business "in which the debtor was an officer, director, partner, or managing executive." Debtors received their discharge and their bankruptcy case was closed.

Thereafter Debtors began to receive correspondence and telephone calls from the SBE regarding Desert Shoes' unpaid sales taxes in the amount of approximately $20,000. The SBE alleges that in the course of its calls with Debtor Maria Leal she admitted that she was a "silent partner" in Desert Shoes.

Debtors filed a motion to reopen their Chapter 7 case, which the bankruptcy court granted, and a motion to determine the validity of the alleged sales tax debts and tax liens against them, which the SBE opposed. The latter motion came on for hearing on May 31, 2006.

The SBE argued that both Debtors were in a general partnership with the Stanleys and as such they have joint and several liability for sales taxes. The SBE sought an evidentiary hearing on whether or not a partnership existed. The bankruptcy court assumed for the sake of discussion that there was a partnership but ruled that under Cal. Rev. & Tax Code section 6829 "the person that you want to have be responsible for these taxes has to have control or supervision or be charged with responsibility for filing tax returns and paying taxes" and must have "willfully failed to pay the taxes," and there was "absolutely no evidence" of either of these things. Transcript, May 31, 2006, p. 15:3–11. The bankruptcy court granted Debtors' motion to determine tax liability and ordered that any assessments for taxes, interest, and penalties for "all tax periods commencing March 1, 2002, through May 31, 2006,[2] inclusive, shall be expunged and

2. This time period extends beyond the Petition Date, but it appears that no shoes were

being sold after that date. In any event, based upon our questions at oral argument no

disallowed in its entirety." The bankruptcy court also directed the SBE to "cause to release or withdraw any tax lien filed against the Debtors for [Desert Shoes'] tax debts" to the SBE incurred during the same period. The SBE filed a timely notice of appeal.

## II. ISSUE

Does Cal. Rev. & Tax Code section 6829 shield debtors from whatever joint and several liability they may have as general partners with the Stanleys in the Desert Shoes business?

## III. STANDARD OF REVIEW

■ We review the bankruptcy court's interpretation of state law de novo. *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 981 (9th Cir.2002).

## IV. DISCUSSION

Most tax claims are nondischargeable in bankruptcy. See 11 U.S.C. §§ 523(a)(1) and 507(a)(8). Debtors argue that they have no sales tax liability at all.

■ We assume without deciding that neither Debtor had responsibility for paying sales taxes or any other involvement in operating the Desert Shoes business. That is not enough to excuse one or both of them from joint and several liability for the nonpayment of sales taxes, if in fact one or both are liable as general partners. Under the Revised Uniform Partnership Act as enacted in California, "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Cal. Corp.Code § 16306(a). *See also Young v. Riddell*, 283 F.2d 909, 910

(9th Cir.1960) (even secret or dormant partner was still subject to joint and several liability, including for tax debts of bankrupt partnership).

■ There are some exceptions within Cal. Corp.Code section 16306(a) itself. Partners are not liable for obligations incurred before their admission as a partner, and partners in a limited partnership are not personally liable for the limited partnership's debts. Cal. Corp.Code § 16306(b), (c). Debtors argue that there is another exception for any sales tax liability, established by Cal. Rev. & Tax Code section 6829. That section provides in relevant part:

(a) *Notwithstanding Section 16306,* 16307, 17101, 17158, 17355, 17450, or 17456 of the Corporations Code, upon termination, dissolution, or abandonment of a partnership, a registered or foreign limited liability partnership or a domestic or foreign corporate or limited liability company business, any officer, member, manager, *partner, or other person having control or supervision of, or who is charged with the responsibility for the filing of returns or the payment of tax, or who is under a duty to act* for the corporation, partnership, limited liability partnership, or limited liability company in complying with any requirement of this part, *shall be personally liable* for any unpaid taxes and interest and penalties on those taxes, if the officer, member, manager, or other person willfully fails to pay or to cause to be paid any taxes due from the corporation, partnership, limited liability partnership, or limited liability company pursuant to this part.

party appears to assert that the bankruptcy court's jurisdiction under 11 U.S.C. § 505 or otherwise would extend to post-petition sales

in this Chapter 7 case. We assume without deciding that it does not.

Cal. Rev. & Tax Code § 6829(a) (emphasis added).

The bankruptcy court agreed with Debtors. It read the introductory clause in the above quote—"[n]otwithstanding Section 16306 ... of the Corporations Code"—to mean that Cal. Rev. & Tax Code section 6829 supplants Cal. Corp.Code section 16306 on the issue of sales tax liability. We disagree.

As Debtors' counsel conceded at oral argument before us, "notwithstanding" generally means "despite." Cal. Rev. & Tax Code section 6829 provides for liability despite various statutes that would otherwise exonerate a person from liability. This makes sense. Persons who are responsible for filing returns or paying sales taxes are liable if they willfully fail to remit sales taxes to the SBE, notwithstanding that some persons such as limited partners are not liable for most partnership debts under Cal. Corp.Code section 16306.[3]

The same reasoning applies to the other statutes listed in the "notwithstanding" clause of Cal. Rev. & Tax Code section 6829. All of those statutes include potential protections from liability. See, e.g., Cal. Corp.Code § 17101(a) (in general, "no member of a limited liability company shall be personally liable under any judgment of a court, or in any other manner, for any debt, obligation, or liability of the limited liability company"). Notwithstanding such protections, section 6829 imposes liability on persons who are responsible for sales taxes but willfully fail to remit those taxes to the SBE.[4]

We conclude that Cal. Rev. & Tax Code section 6829 does not protect Debtors from any liability they may have as general partners under Cal. Corp.Code section 16306(a). The bankruptcy court should have granted the SBE's request for an

---

**3.** The relevant provisions of Cal. Corp.Code section 16306 state:

(b) A person admitted as a partner into an existing partnership is not personally liable for any partnership obligation incurred before the person's admission as a partner. (c) Notwithstanding any other section of this chapter, and subject to subdivisions (d), (e), (f), and (h), a partner in a registered limited liability partnership is not liable or accountable, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for debts, obligations, or liabilities of or chargeable to the partnership or another partner in the partnership, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed by the partnership while the partnership is a registered limited liability partnership, by reason of being a partner or acting in the conduct of the business or activities of the partnership.
Cal. Corp.Code § 16306(b) and (c).

**4.** See also Cal. Corp.Code § 16307(b) and (c) (creditor of a partnership generally cannot collect from a partner without first obtaining a judgment against the partnership and levying against partnership property); Cal. Corp. Code § 17158(a) (in general, "[n]o person who is a manager or officer or both a manager and officer of a limited liability company shall be personally liable under any judgment of a court, or in any other manner, for any debt, obligation, or liability of the limited liability company"); Cal. Corp.Code § 17355(a)(1)(B) ("Causes of action against a dissolved limited liability company" generally may be enforced against "members of the dissolved limited liability company" but only "to the extent of the limited liability company assets distributed to them upon dissolution of the limited liability company."); Cal. Corp. Code § 17450(a) ("The laws of the state or foreign country under which a foreign limited liability company is organized shall govern its organization and internal affairs and the liability and authority of its managers and members."); and Cal. Corp.Code § 17456(c) ("A member of a foreign limited liability company is not liable for the debts and obligations of the foreign limited liability company solely by reason of its having transacted business in this state without registration.").

evidentiary hearing to determine whether Debtors were general partners in Desert Shoes.

Our conclusion is supported by the existence of Cal. Rev. & Tax Code section 6487.2(b), which protects general partners from personal liability after expiration of a limitations period.[5] The statute of limitations itself is irrelevant to this appeal—nobody argues that it is a defense—but there would be no need for the California legislature to enact a statute of limitations directed specifically to protecting general partners from sales tax liability if, as Debtors argue, general partners were not liable for unpaid sales taxes in the first place.

Another aspect of the statutory scheme also supports our analysis. In general a creditor of a partnership cannot collect from a partner without first obtaining a judgment against the partnership and levying against partnership property. See Cal. Corp.Code § 16307(c) and (d). The SBE is granted an exception to that rule in some circumstances. See Cal. Rev. & Tax Code § 6831 ("The [SBE] shall not be subject to subdivisions (c) and (d) of Section 16307 of the Corporations Code unless, at the time of application for a seller's permit, the applicant furnishes to the board a written partnership agreement that provides that all business assets shall be held in the name of the partnership."). There would be no point in providing this limited exception to liability if, as Debtors argue, general partners were already protected from liability by Cal. Rev. & Tax Code section 6829.

We see no ambiguity in the statutory scheme described above, but even if there were some ambiguity the SBE cites legislative history that supports our analysis. When the California legislature was considering adoption of the Revised Uniform Partnership Act the SBE asked that the bill be amended to add Cal. Rev. & Tax Code section 6831 and thereby preserve its existing rights to collect from partners directly:

> The [SBE] argues that existing law allows a tax agency like the [SBE] to immediately pursue not only the partnership's assets, but also the assets of each partner to settle an outstanding debt. Under this bill [to adopt the Revised Uniform Partnership Act], it would require all collection remedies against a partnership to be exhausted before collection actions could be taken against any partners. This bill would cause an increase in the cost of collections and delays in collecting a partner's debts.

> The [SBE] requests an amendment to allow it to continue the current collection practices on partners and partnerships.

Senate Jud. Comm. Analysis, A.B. 583, July 2, 1996 (1995–96 Reg. Sess.), pp. 10–11.

The California legislature was persuaded. The bill was amended to add Cal. Rev. & Tax Code section 6831 to "allow the [SBE] to continue the current tax collection practices on partners and partnerships." Senate Rules Comm. Analysis, A.B. 583, August 23, 1996 (1995–96 Reg. Sess.), p. 3, ¶ 6.

---

5. The statute provides, with inapplicable exceptions:

   (b) An individual who was a general partner, as shown on the board's records, who withdraws from a partnership without notifying the board of the change in ownership, shall not be liable for any unpaid, self-assessed liability of the partnership that becomes due at least three years after the last day of the calendar month following the quarterly period in which the change in ownership occurred.
   Cal. Rev. & Tax Code § 6487.2(b).

Finally, courts interpreting other states' partnership statutes have held that a partner is liable for the partnership's unpaid taxes even though the partner was not personally responsible for paying those taxes. *See Livingston v. United States,* 793 F.Supp. 251, 254 (D.Idaho 1992) (applying Idaho law, and rejecting argument similar to Debtors' argument in this case); *In re Norton,* 158 B.R. 834 (Bankr.D.Idaho 1993) (applying Utah law and following *Livingston* ).

For all of these reasons we reject Debtors' attempt to use Cal. Rev. & Tax Code section 6829 as a shield from liability. That statute was intended to give the SBE another tool to collect sales taxes from persons responsible for such collection, not to protect partners from any joint and several liability they would otherwise have.

## V. CONCLUSION

We express no opinion whether either Debtor actually was a general partner in Desert Shoes. The bankruptcy court can address that issue on remand. We simply hold that Debtors cannot use Cal. Rev. & Tax Code section 6829 as a shield against liability if in fact they are general partners. Accordingly, the bankruptcy court's order granting Debtors' motion to determine tax liability is REVERSED and the matter is REMANDED.